640 A.2d 911

COMMONWEALTH of Pennsylvania,

v.

Glenn A. ORRS, Jr., Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 28, 1994.

Filed April 12, 1994.

Linda F. Gerencser, Asst. Public Defender, Lancaster, for appellant.

Joseph C. Madenspacher, Dist. Atty., Lancaster, for Com., appellee.

Before OLSZEWSKI, TAMILIA and POPOVICH, JJ.

262

TAMILIA, Judge:

Appellant, Glenn A. Orrs, Jr., appeals from the judgment of sentence imposed September 10, 1993, following a guilty plea to retail theft.[1] On March 11, 1993, he was arrested for stealing a pack of cigarettes from a local convenience store, which was a parole violation resulting in appellant's subsequent incarceration in the Lancaster County Prison. Following a period of approximately five months' imprisonment, appellant and the Commonwealth agreed to a negotiated plea bargain. Pursuant to both written and open court colloquies, the trial court accepted the plea and sentenced appellant to time served to twenty-three (23) months' imprisonment.

On appeal to this Court, appellant argues the sentence imposed was illegal because the court lacked jurisdiction. The retail theft statute, in relevant part, states:

§ 3929. Retail Theft

(a) Offense defined.—A person is guilty of a retail theft if he:

(1) takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof.

·   ·   ·   ·   ·

(b) Grading.—

(1) Retail theft constitutes a:

(i) Summary offense when the offense is a first offense and the value of the merchandise is less than $150.

·   ·   ·   ·   ·

(iv) Felony of the third degree when the offense is a third or subsequent offense, regardless of the value of the merchandise.

18 Pa.C.S. § 3929(a)(1) and (b)(1)(i), (iv). Appellant contends that since no specific averments of prior offenses of retail theft

1. 18 Pa.C.S. § 3929(a)(1).

were contained in the information, his crime was wrongfully graded as a felony, when it should have been treated as a summary offense.

■ An indictment charging retail theft "must contain the information that there have been prior offenses, not only to put defendant on notice that he is being charged with a felony and, therefore, may be sentenced accordingly, but also to establish the jurisdiction of the Common Pleas Court." *Commonwealth v. Coleman*, 289 Pa.Super. 221, 433 A.2d 36 (1981). Presently, the Commonwealth, *in both the information and criminal complaint*, cited the appropriate statute and appropriate grading—"Retail Theft, 18 P.S. 3929–F3". "The information should be read in a common sense manner, rather than being construed in an overly technical sense." *Commonwealth v. Badman*, 398 Pa.Super. 315, 580 A.2d 1367 (1990). Clearly, the notation "F3" put appellant on notice of the felony charge. Read in a "common sense manner," the information plainly "inform[s] the accused of the crime with which he is being charged" while unquestionably establishing the jurisdiction of the court. *Id.* at 324, 580 A.2d at 1371.

■ The failure to specify in the information the crimes previously committed, establishing the basis for charging a felony three, does not affect the jurisdiction of the court to hear the case and convict as a felony, third degree. Prior offenses need not be proven at the preliminary hearing or at trial in order to establish the appropriate grading of such offense for which the accused may be tried. The accused need only be placed on notice that the Commonwealth will seek a third degree felony sentence in the event of conviction. *Commonwealth v. Harvin*, 346 Pa.Super. 575, 500 A.2d 98 (1985). Hence, the requisite notice and averment of a third degree felony having been contained in the information and complaint, jurisdiction to hear the matter or to accept a guilty plea clearly was present. The prior offenses in grading retail theft do not constitute substantive elements of the offense (felony third degree, Retail Theft); as such, evidence only may be produced at sentencing for purposes of grading the crime under subsection (b), **Grading.**

264

■ While we agree with appellant that generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, legality of sentence and validity of the guilty plea, *Commonwealth v. Reichle*, 404 Pa.Super. 1, 589 A.2d 1140 (1991), here the plea bargain agreement was based on the fact that the information did not contain a specific written allegation regarding whether this was a second or third offense (N.T., 9/1/93, pp. 2–4). In light of this missing documentation, the Commonwealth agreed to and the court accepted a sentence which substantially departed from the standard guidelines. *Id.* Although retail theft, graded as a felony of the third degree, calls for a maximum penalty of seven years in prison and a $15,000 fine, appellant was sentenced to a minimum of time served (approximately five months) and paroled immediately. In addition, during the open court colloquy, appellant responded affirmatively to the court's statement that, by pleading guilty, his appellate rights regarding the issue of proper grading would be foreclosed. Since the previous crimes were not substantive elements of the crime charged, appellant could waive presentation of evidence concerning those crimes.

Where, as here, the court agreed to accept a negotiated plea, and the defendant was fully apprised that the considerable reduction in possible sentence was granted because of the Commonwealth's failure to state specifically the prior retail theft charges which formed the basis for the felony three charge, waiver is affirmatively implicated. The following colloquy was conducted by the court with appellant:

THE COURT: Specifically, did you explain to him that as to the issue as to whether this is properly graded an F–3 or a summary, that it's going to waive any right to litigate that on appeal as well?

MR. GLASSMAN: Yes, Your Honor, I've explained that this would waive his appeal rights on that issue. And I've explained to him that his entering into a guilty plea agreement which would result in a conviction in this Court of Common Pleas would leave him open to relocation by the Parole Board.

I've explained to him that the Commonwealth may have arguments that I did not see detailed—expressed in detail in the case law that I found, although I did see Mr. Orrs' points, which I felt were legitimate, in his analogizing his case with those that he had researched, which I corroborated with research in the law books.

And so I felt that the case law that Mr. Orrs and I have found in defense—I did not see that those cases necessarily addressed the case where—Mr. Hackman's position for the Commonwealth, where both the criminal complaint and the information, on its face, had the denomination F–3, but otherwise had no other indications. Whereas the case law that I had read did not indicate whether those cases had gone as far as to put an F on that information.

THE COURT: Well, does he understand that he, by pleading guilty, is foreclosed from raising the issue again?

MR. GLASSMAN: Do you understand that, Mr. Orrs?

THE DEFENDANT: Yeah.

THE COURT: Okay. All right. Mr. Orrs, you are charged with retail theft, graded a felony of the third degree, which calls for a maximum penalty of seven years in prison and a $5,000 fine.

MR. GLASSMAN: $15,000, I believe.

THE COURT: $15,000 fine. Do you understand—

THE DEFENDANT: Yes, I do.

(T.T., 11/3/93, pp. 4–5.)

Accordingly, we find the court had jurisdiction and the sentence of time served (five months) to 23 months reflected a bargained sentence that clearly evidenced on the record appellant's desire to waive for purposes of appeal any technical defenses to the sentence he might have.

Judgment of sentence affirmed.