J-A27002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEXIS HARRIS | : | No. 2876 EDA 2017 |

Appeal from the Order August 9, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004696-2017

BEFORE:  BOWES, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.:                    **FILED APRIL 16, 2019**

The Commonwealth appeals from the August 9, 2017 order holding that it presented insufficient evidence to create a *prima facie* case of driving under the influence (DUI) with refusal to submit to chemical testing.  We reverse and remand for further proceedings.

We gather the following underlying facts from the trial court's opinion. At approximately 3:00 a.m. on May 22, 2016, Harris, who was operating a vehicle despite the fact that her license was suspended, drove fifty-five miles per hour in a residential neighborhood, twice failed to stop at red traffic signals, and nearly collided with a police vehicle.  The arresting officers noted that Harris's eyes were glassy and bloodshot, her speech was slurred, she smelled strongly of alcohol, and she was unable to walk unassisted.  When in custody, Harris declined to undergo chemical testing.

The Commonwealth filed a criminal complaint alleging one count of DUI—general impairment and one count of driving with a suspended license. The complaint included allegations that Harris refused chemical testing, and that, if she was convicted, the Commonwealth would seek imposition of the enhanced sentencing provisions of 75 Pa.C.S. § 3804. Following a preliminary hearing, the refusal aspect of the DUI charge was dismissed, but the DUI charge itself and the charge of driving with a suspended license were held for court. The Commonwealth withdrew and refiled the charges, again alleging the refusal enhancement. The trial court held a preliminary hearing on the refiled charges on August 9, 2017, at which the Commonwealth presented Officer David Soto to testify about the circumstances surrounding Harris's refusal to submit to chemical testing. At the conclusion of the hearing, the trial court determined that the Commonwealth failed to show by a preponderance of the evidence that Harris knowingly refused, ordering that the Commonwealth could not proceed on the sentencing enhancement.

The Commonwealth filed a timely notice of appeal in which it certified that the trial court's order substantially terminated or handicapped the prosecution. Notice of Appeal, 9/7/17, at 1. Although not ordered to do so, the Commonwealth filed a statement of errors complained of on appeal. The trial court subsequently filed an opinion in support of its decision.

The Commonwealth presents the following question for our review: "Properly viewed in the light most favorable to the Commonwealth, did the

evidence establish a *prima facie* case of driving under the influence—general impairment with refusal, where [Harris] drove drunk and then ignored the officer's request that she submit to breath testing?"[1]  Commonwealth's brief at 4.

We consider the Commonwealth's question mindful of the following principles.  "It is well-settled that the evidentiary sufficiency, or lack thereof, of the Commonwealth's *prima facie* case for a charged crime is a question of law as to which an appellate court's review is plenary."  ***Commonwealth v. Hilliard***, 172 A.3d 5, 12 (Pa.Super. 2017) (citation and internal quotation marks omitted).  "[O]ur scope of review is limited to determining whether the Commonwealth has established a *prima facie* case."  ***Id***. (citation and internal quotation marks omitted).

Our Supreme Court has described the Commonwealth's burden as follows.

> At the preliminary hearing stage of a criminal prosecution, the Commonwealth need not prove the defendant's guilt beyond a reasonable doubt, but rather, must merely put forth sufficient evidence to establish a *prima facie* case of guilt.  A *prima facie* case exists when the Commonwealth produces evidence of each of the material **elements of the crime charged** and establishes probable cause to warrant the belief that the accused committed the offense.  Furthermore, the evidence need only be such that, if

---

[1] The Commonwealth does not contend that Harris is subject to sentencing enhancements for refusing to submit to a blood test.  Therefore, the holding of ***Birchfield v. North Dakota***, 136 S. Ct. 2160, 2186 (2016), regarding Fourth Amendment's prohibition of warrantless blood draws, is inapplicable to this appeal.

presented at trial and accepted as true, the judge would be warranted in permitting the case to be decided by the jury.

*Commonwealth v. Karetny*, 880 A.2d 505, 513-14 (Pa. 2005) (citations omitted, emphasis added).

Pursuant to 75 Pa.C.S. § 3802(a)(1), the crime of DUI—general impairment contains the following elements: "'the accused was driving, operating, or in actual physical control of the movement of a vehicle during the time when he or she was rendered incapable of safely doing so due to the consumption of alcohol.'" *Commonwealth v. Teems*, 74 A.3d 142, 145 (Pa.Super. 2013) (quoting *Commonwealth v. Segida*, 985 A.2d 871, 879 (Pa. 2009)). Under 75 Pa.C.S. § 3804(c), a person who violates § 3802(a)(1) and refuses to submit to a breath test is subject to specified heightened penalties, depending on the number of prior offenses.

This Court has held, both before and after the decision in *Alleyne v. United States*, 570 U.S. 99 (2013), that the sentencing enhancements of § 3804 are **not** elements of the crime of DUI. *See Commonwealth v. Farrow*, 168 A.3d 207, 218 (Pa.Super. 2017); *Commonwealth v. Mobley*, 14 A.3d 887, 894 (Pa.Super. 2011). Rather, those who commit DUI and refuse chemical testing must be charged under § 3802(1)(a), be given notice of the alleged applicability of the § 3804 enhancement, be found to have refused beyond a reasonable doubt by the factfinder at trial consistent with the dictates of *Alleyne*. *Farrow*, *supra* at 218-19.

As noted above, the Commonwealth's burden at a preliminary hearing is to present evidence of each **element** of the crimes charged. **Karetny**, **supra** at 514. Since refusal is not an element of the crime of DUI—general impairment, we see no basis for the trial court to have required the Commonwealth present evidence of Harris's refusal at the preliminary hearing. **Accord Commonwealth v. Orrs**, 640 A.2d 911 (Pa.Super. 1994) (holding prior offenses affecting the grading of the crime of retail theft are not elements of the crime, and thus need not be proven at the preliminary hearing; Commonwealth need only place accused on notice of its intent to seek sentence based upon higher grading). As the court held the DUI charge for court upon determining that the Commonwealth produced evidence that would allow the jury to find each element of that crime, there was no reason to address, let alone preclude the Commonwealth from pursuing at trial, the applicability of the § 3804 enhancement.

Moreover, assuming *arguendo* that evidence of Harris's refusal was required to be shown at the preliminary hearing as part of a *prima facie* case, we have no hesitation in concluding that the Commonwealth satisfied that burden. For driver's refusal to submit to breath testing to result in penalties, "the police must tell the arrestee of the consequences of a refusal to take the test so that he can make a knowing and conscious choice." **Com., Dep't of Transp., Bureau of Traffic Safety v. O'Connell**, 555 A.2d 873, 877 (Pa. 1989). Once advised of the consequences, "'anything less than an unqualified,

unequivocal assent constitutes a refusal[.]'" ***Commonwealth v. Myers***, 164 A.3d 1162, 1181 n.21 (Pa. 2017); ***see also Commonwealth v. Hunsinger***, 549 A.2d 973, 976 (Pa.Super. 1988).

At the preliminary hearing, Officer Soto testified that Harris was placed in a cell, rather than in the testing room, "because she was very hostile[.]" N.T. Preliminary Hearing, 8/9/17, at 12, 16. Three separate times, Officer Soto requested that Harris take a breath test and warned her of the consequences of her refusal, and all three times she declined. ***Id***. at 11-15. Harris remained "belligerent the whole time," laying on the floor and declining to stand up, asking for a nurse then rejecting the nurse when she was offered. ***Id***. at 16-17. Officer Soto indicated that Harris "didn't listen to anything [he] was saying." ***Id***. at 16. Instead, Harris was hostile and argumentative: "Everything we said, she didn't want." ***Id***.

The trial court found that the circumstances did not evidence "a meaningful opportunity or reasonable and sufficient opportunity to either refuse or consent." Trial Court Opinion, 11/29/17, at 6. Specifically, it pointed to the testimony that Harris did not listen to Officer Soto's requests, that she was on the floor of a cell rather than in the testing room, and that she requested medical attention. ***Id***. at 5-6.

We disagree. Importantly, contrary to what was argued by Harris at the hearing, Officer Soto indicated that Harris did not listen to him, not that she was unable to hear him. ***Compare*** N.T. Preliminary Hearing, 8/9/17, at 16

("[S]he didn't listen to anything I was saying."), *with id*. at 28 ("He said she couldn't hear me. He said that."). Indeed, the trial court appeared to have formed a mental image of the events that was not supported by the evidence, such that Harris was face down on the floor of the cell and crying. *See id*. at 29, 32 ("[H]e said she didn't hear me, she wasn't listening. . . . He said she was in her cell, face down on the floor, asking for medical help, belligerent -- okay, belligerent -- crying? I'm not sure if I heard crying.").

Officer Soto testified that, on three distinct occasions, he requested that Harris undergo a breath test and read her warnings of the consequences of her refusal. Hence, this is not a case in which the officer did not even try to administer warnings based upon the unruliness of the motorist. *Cf. Commonwealth v. Xander*, 14 A.3d 174, 180 (Pa.Super. 2011) (holding refusal enhancements were not applicable because the officer never attempted to administer warnings to highly-uncooperative detainee). Nor is this a situation in which the officer sought consent from a motorist who was physically incapable of consenting or knowingly refusing, as Officer Soto's testimony suggests that Harris was conscious and communicative throughout the episode. *Cf. Myers*, *supra* at 1172 (holding motorist did not have the opportunity to make knowing and conscious choice whether to refuse testing where warnings had been read to motorist while he was unconscious following the administration of Haldol)

The fact that Harris declined to pay attention to what Officer Soto said, instead choosing to argue and act out in defiance, doing the opposite of what was asked of her about everything (*e.g.*, requesting a nurse then rejecting the services of the nurse who was on site, electing to lay down rather than stand), does not necessitate the finding that Harris did not make a knowing and conscious choice to refuse chemical testing.  **See Commonwealth v. Olsen**, 82 A.3d 1041, 1048 (Pa.Super. 2013) (holding evidence was sufficient to allow jury to conclude beyond a reasonable doubt that the defendant's refusal was knowing where the officer "attempted to administer the refusal warnings to [her], but her obnoxious behavior prevented him from completing the recitation and obtaining a knowing waiver").  If a jury accepted Officer Soto's testimony as true, it could reasonably conclude that Harris had a meaningful opportunity to consent to chemical testing or make a knowing refusal, yet she did not avail herself of that opportunity.  Therefore, we hold that the trial court erred in ruling that the Commonwealth was precluded from pursuing at Harris's trial § 3804(c)'s enhanced penalty for refusal.

Order reversed.  Case remanded for further proceedings.  Jurisdiction relinquished.

Judge Stabile joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/16/19</u>