J-S27042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HOZAY A. ROYAL | : | |
| | : | |
| Appellant | : | No. 2203 EDA 2021 |

Appeal from the Judgment of Sentence Entered July 19, 2021
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0005423-2018

BEFORE:  STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:          **FILED DECEMBER 12, 2023**

Hozay A. Royal ("Royal") appeals *pro se* from the judgment of sentence imposed following his jury conviction for two counts of retail theft.[1]  We affirm.

The evidence at the suppression hearing established the following.  On an evening in August 2018, Michael Matarazzo ("Matarazzo"), a loan prevention officer at Bloomingdales ("the store") at the Willow Grove Mall in Montgomery County, was watching a security camera and saw Royal put bedsheets inside of his bag.  **See** N.T., 1/29/20, at 5-6.  After watching Royal leave the store without paying for the bedsheets, Matarazzo radioed mall security and any available police unit in the area.  **See id**. at 6-7.  Matarazzo also telephoned Abington Township Police Officer Andrew Ammaturo ("Officer Ammaturo"), with whom he worked, and gave him "a brief description of the

---

[1] 18 Pa.C.S.A. § 3929(a)(1).

person and what he was carrying, clothing, beard, stuff like that, distinguishing marks." *Id*. at 6-7, 12-13.

Abington Township Police Officer Dustin Wittmer ("Officer Wittmer") received a report of the theft, Royal's description, and his approximate location from Officer Ammaturo. *See id*. at 18-19. Officer Wittmer pulled beside Royal's car and turned on his emergency lights. *See id*. at 20. Royal drove slowly away, then stopped, and fled on foot to a Cheesecake Factory restaurant. *See id*. at 20-21. Officer Wittmer caught and detained him in the restaurant. *See id*. at 21-22.

Officer Ammaturo arrived at the scene and heard Matarazzo identify Royal as the thief. *See id*. at 14-15. In plain view in the front passenger seat of Royal's car, Officer Ammaturo saw the stolen bedsheets. *See id*. at 15.

Prior to trial, Royal filed a suppression motion challenging the legality of his arrest. *See* Omnibus Pre-Trial Motion, 1/23/20, at 3-6. A suppression hearing took place, at which Matarazzo, and Officers Ammaturo and Wittmer testified as described above. The trial court denied Royal's motion to suppress. The case immediately proceeded to a jury trial and the jury convicted Royal of retail theft. After his conviction, Royal stated he wished to waive the right to counsel and proceed *pro se*. The court conducted a *Grazier*[2]

_____

[2] *See Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

- 2 -

hearing and permitted Royal to proceed *pro se* with stand-by counsel. ***See*** N.T., 10/20/20, at 7.

At Royal's sentencing for these offenses and another crime,[3] he challenged the court's ruling on the motion to suppress and asserted he could not be sentenced for felonies because the criminal information did not give him sufficient notice of his prior offenses. ***See*** N.T., 7/19/21, at 13, 29-31. The trial court denied Royal's claims and imposed a sentence for this docket of one and one-half to seven years of imprisonment.[4]

Royal filed a timely post-sentence motion, a later supplement, and an untimely notice of appeal, which the trial court denied.[5] Both Royal and the trial court complied with Pa.R.A.P. 1925.

Royal presents the following issues for our review:

1. Did the trial court err in refusing to arrest judgment when it considered oral testimony at the suppression hearing and [Royal] challenged the face of the affidavit of probable cause as insufficient to establish probable cause pursuant to Pa.R.Crim.P. 513(B)(4)?

2. Did the sentencing court err as a matter of law when it imposed an illegal sentence when the Commonwealth failed to aver prior

---

[3] ***See*** CP-46-CR-4389-19, the appeal of which is before this Court at J-S27043-22.

[4] In case CP-46-CR-4389-19, the Court sentenced Royal to three to fourteen years of imprisonment to be served consecutively to the sentence in this matter.

[5] We will regard this appeal as having been filed after the entry of an order denying post-trial motions. ***See*** Pa.R.A.P. 905(a)(5).

retail theft convictions in the information contrary to precedent of this Court and the Supreme Court of Pennsylvania?

Royal's Brief at 3 (numeration added, unnecessary capitalization omitted).

In his first issue, Royal contends the trial court erred in failing to grant his motion for an arrest of judgment because the court wrongly permitted oral testimony at the suppression hearing. *See* Royal's Brief at 7-16. We disagree.

> When ruling on a motion in arrest of judgment, a trial court is limited to ascertaining the absence or presence of that quantum of evidence necessary to establish the elements of the crime. At this stage in the proceedings, the trial court is limited to rectifying trial errors, and cannot make a redetermination of credibility and weight of the evidence. . . .

*Commonwealth v. Marquez*, 980 A.2d 145, 147-48 (Pa. Super. 2009) (*en banc*) (quotation marks and citation omitted). A motion for an arrest of judgment is a vehicle for challenging the sufficiency of evidence at trial, not a means by which to seek reconsideration of a trial court's denial of suppression. *See id*. at 148. Thus, to the extent Royal challenges the denial of his motion to arrest judgment, the claim does not merit relief.

To the extent Royal challenges the denial of his motion to suppress, we note our well-settled standard of review.

> Our standard of review . . . is limited to determining whether the findings of fact are supported by the record and whether the legal conclusions drawn from those facts are in error. In making this determination, this [C]ourt may only consider the evidence of the Commonwealth's witnesses, and so much of the witnesses for the defendant, as fairly read in the context of [the record], which remains uncontradicted. If the evidence supports the findings of

the trial court, we are bound by such findings and may reverse only if the legal conclusions drawn therefrom are erroneous.

*Commonwealth v. Gindraw*, 297 A.3d 848, 851 (Pa. Super. 2023) (citation omitted).

The legal basis for Royal's assertion the trial court was bound by the four corners of the affidavit of probable cause in judging the legality of the arrest is less than clear. In both his omnibus pre-trial motion and his brief on appeal, Royal acknowledged his arrest was warrantless. *See* Omnibus Pre-Trial Motion, 1/23/20, at 3-4; Royal's Brief at 8. By definition, a warrantless arrest occurs without an arrest warrant or application for an arrest warrant. The complained-of affidavit of probable cause here was part of the criminal complaint following Royal's warrantless arrest and clearly labeled as such. *See* Police Criminal Complaint, Affidavit of Probable Cause, 8/2/18. Thus, Royal's reliance on Pa.R.Crim.P. 513(B)(4)[6] as a basis for precluding testimony at the suppression hearing is misplaced. *See Commonwealth v. Evans*, 303 A.3d 175, 185 (Pa. Super. 2023) (rejecting claim of ineffectiveness premised on counsel's failure to file a motion to suppress challenging the legality of an arrest made prior to the filing of a criminal

---

[6] Pennsylvania Rule of Criminal Procedure 513 concerns the requirements for issuance of an **arrest warrant** and dissemination of arrest warrant information. Subsection (B)(4) provides, "[a]t any hearing on a motion challenging **an arrest warrant**, no evidence shall be admissible to establish probable cause for **the arrest warrant** other than the affidavits provided for in paragraph (B)(2)." Pa.R.Crim.P. 513(B)(4) (emphases added).

complaint which contained an allegedly defective affidavit of probable cause because a preliminary hearing is the proper forum to make such a challenge).[7] Because Royal did not challenge the allegedly defective affidavit at, or prior to, the preliminary hearing, his complaints are moot. *See id.*

Moreover, in *Commonwealth v. Whitson*, 334 A.2d 653 (Pa. 1975), our Supreme Court rejected the defendant's claim that defects in an affidavit of probable cause attached to an arrest warrant required suppression of the defendant's confession where the police possessed sufficient knowledge to justify a *warrantless arrest*. *Whitson*, 334 A.2d at 654. Here, as discussed below, the police had ample probable cause justifying Royal's warrantless arrest. Thus, any defects in the affidavit of probable cause did not require suppression. *See id*.

Royal challenges the existence of probable cause for his warrantless arrest. *See* Royal's Brief at 10. Under both the United States and Pennsylvania Constitutions, people are generally free from unreasonable searches and seizures absent a warrant supported by a showing of probable cause. *See* U.S. Const. amend. IV; see *also* Pa. Const. art. I, § 8. However, "[n]ot every search must be conducted pursuant to a warrant, for *the Fourth Amendment bars only unreasonable searches and seizures*."

---

[7] Royal had a preliminary hearing on August 8, 2018, and "waived all charges to the Court of Common Pleas." Omnibus Pre-Trial Motion, 1/23/20, at 1.

***Commonwealth v. Taylor***, 771 A.2d 1261, 1266 (Pa. 2001) (emphasis added). Police may conduct a warrantless arrest when they have probable cause. ***See Commonwealth v. Thompson***, 985 A.2d 928 (Pa. 2009). Probable cause for arrest is

> made out when the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime.

***Commonwealth v. Brogdon***, 220 A.3d 592, 599 (Pa. Super. 2019) (citation omitted). Moreover, probable cause is not a requirement of "absolute certainty," but exists "when criminality is one reasonable inference, not necessarily even the most reasonable inference." ***Commonwealth v. Spieler***, 887 A.2d 1271, 1275 (Pa. Super. 2005) (citation omitted).

Probable cause is evaluated according to the totality of the circumstances test, which the United States Supreme Court described as based on "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." ***Illinois v. Gates***, 462 U.S. 213, 231 (1983) (citation omitted); ***see Commonwealth v. Gray***, 503 A.2d 921, 926 (Pa. 1985) (holding that the totality of the circumstances test also meets the requirements of Article I, Section 8 of our Pennsylvania Constitution).

Here, as detailed above, Matarazzo observed Royal stuff sheets into his bag and leave the store without paying. ***See*** N.T., 1/29/20 at 5-7. Matarazzo

called Officer Ammaturo and gave him a description of Royal. *See id.* at 7. Officer Ammaturo relayed the information to Officer Wittmer, who ultimately detained and arrested Royal. *See id.* at 13, 18-21. This was sufficient probable cause to justify Royal's warrantless arrest. *See Commonwealth v. Goldman*, 252 A.3d 668, 678 (Pa. Super. 2021) (affirming trial court's denial of suppression and holding police had sufficient probable cause for a warrantless arrest where a customer called the police complaining defendant was causing a disturbance in a store, a store clerk identified defendant to police, and the defendant appeared intoxicated, cursed at police, then attempted to flee); *Commonwealth v. Andrews*, 426 A.2d 1160, 1161-63 (Pa. Super. 1981) (holding police had sufficient probable cause to make a warrantless arrest where store employees notified store security defendant tried to pass a forged check, and store security detained defendant and passed the information to the police, who arrested defendant).[8] Royal's first issue does not merit relief.

In his second issue, Royal challenges the legality of his sentence. *See* Royal's Brief at 17-25. Royal argues the trial court erred in sentencing him for retail theft as a third-degree felony because the criminal information did

---

[8] As the above-cited cases show, there is no basis in law for Royal's contention that the information provided to the police by store employees or security is inherently unreliable and should be treated as if it came from anonymous informants. *See* Royal's Brief at 11-12.

not detail his prior convictions for retail theft. ***See id***. at 21; ***see also*** Information, 10/1/18, at 1 (unnumbered). Royal maintains the Commonwealth did not provide him with adequate notice of the sentence he faced.[9] ***See id***. at 21-25.

18 Pa.C.S.A. § 3929 provides as follows, in pertinent part, with respect to the grading of retail theft offenses:

(1) Retail theft constitutes a:

\* \* \*

(iv) Felony of the third degree when the offense is a third or subsequent offense, regardless of the value of the merchandise.

18 Pa.C.S.A. § 3929(b)(1)(iv).

This Court has previously held that the information does not need to specify the prior retail thefts for a retail theft to be graded as a third-degree felony. In ***Commonwealth v. Orrs***, 640 A.2d 911 (Pa. Super. 1994), this Court stated:

---

[9] Royal also purports to challenge the legality of the amount of restitution imposed by the trial court, claiming it exceeded the value of the bed sheets. ***See*** Royal's Brief at 25. A challenge to the amount of a restitution award based on the trial court's consideration of the Commonwealth's evidence regarding loss is a challenge to the discretionary aspects of sentence, not the legality of sentence. ***See Commonwealth v. Weir***, 239 A.3d 25, 38 (Pa. 2020). Royal waived this claim because he did not include it in his Rule 1925(b) statement. ***See*** Statement of Errors Complained of on Appeal, 9/27/22, at 1-5. ***See also*** Pa.R.A.P. 1925(b)(4)(vii); ***Commonwealth v. Given***, 244 A.3d 508, 510 (Pa. Super. 2020) (appellant waived all issues on appeal by failing to raise them in his Rule 1925(b) statement).

[t]he failure to specify in the information the crimes previously committed, establishing the basis for charging a felony three, does not affect the jurisdiction of the court to hear the case and convict as a felony, third degree. Prior offenses need not be proven at the preliminary hearing or at trial [to] establish the appropriate grading of such offense for which the accused may be tried. The accused need only be placed on notice that the Commonwealth will seek a third[-]degree felony sentence in the event of conviction.

*Orrs*, 640 A.2d 912-13 (quotation marks and citations omitted). Thus, this Court held where the criminal complaint and the information cited the correct statute and grading, including the notation "F3" it was sufficient to put the defendant on notice the Commonwealth was charging him with a felony. *Id*. We concluded:

[h]ence, the requisite notice and averment of a third[-]degree felony having been contained in the information and complaint, jurisdiction to hear the matter . . . clearly was present. The prior offenses in grading retail theft do not constitute substantive elements of the offense (felony third degree, Retail Theft); as such, evidence only may be produced at sentencing for purposes of grading the crime under subsection (b), Grading.

*Id*. at 913 (emphasis eliminated).

In the instant matter, the criminal complaint and the bill of information both informed Royal the charged offense was an F3. *See* Criminal Complaint, 8/21/18, at 3 (unnumbered); Information, 10/1/18, at 1 (unnumbered). Moreover, the affidavit of probable cause specifically stated, "Royal has (7) prior retail theft charges . . . with guilty dispositions[,]" and listed the dates of the dispositions. Affidavit of Probable Cause, 8/21/18, at 1 (unnumbered). Further, Royal acknowledged in several pretrial motions the Commonwealth

graded the offense as a felony. *See*, *e.g*., Motion to Modify Pre-trial Bail, 1/6/20, at 1; Omnibus Pre-Trial Motion, 1/23/20, at 1. Thus, Royal received the required notice. *See Orrs*, 640 A.2d at 912-13. Royal's second and final issue fails.[10]

Accordingly, for the reasons discussed above, Royal's claims do not merit relief. We affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/12/2023

---

[10] We are not persuaded by Royal's attempt to distinguish *Orrs*. *See* Royal's Brief at 17-25. The cases he cites either predate *Orrs*, do not concern the retail theft statute, are legally and factually distinguishable, or are not binding precedent. *See id*. *Orrs* is binding precedent in this matter. *See Orrs*, 640 A.2d at 912-13.