2024 PA Super 29

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HOZAY ANGELO ROYAL | : | |
| | : | |
| Appellant | : | No. 2429 EDA 2021 |

Appeal from the Judgment of Sentence Entered July 19, 2021
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0004389-2019

BEFORE:  STABILE, J., NICHOLS, J., and SULLIVAN, J.

OPINION BY SULLIVAN, J.:                    **FILED FEBRUARY 20, 2024**

Hozay Angelo Royal ("Royal") appeals from the judgment of sentence following his jury convictions for retail theft.[1]  We affirm in part, vacate the order of restitution, and remand for a limited resentencing.

The trial court summarized the factual and procedural history of this case, including Royal's jury trial, as follows:

> the Commonwealth first presented the testimony of Bernard Bulos, a Central Investigator for Macy's Department Store [("the store")] who investigates theft for [the store] across the entire country.  He stated [] one of his investigative tools is a system called TrueVue that is used mainly for inventory control purposes so the store can keep track of what items leave the store that aren't paid for.  It also is a system . . . used for Asset Protection, *i.e.*, to identify individuals that leave the store with merchandise that isn't properly paid for both from an employee standpoint as well as a customer standpoint.  Mr. Bulos explained . . . that every time the system reads a tag that walks out of the store, it matches it to the sales database to see if it was sold or not.  A report is received the following morning.  He further explained . . . the merchandise has a tag, a UPC tag, and within that UPC tag there

---

[1] ***See*** 18 Pa.C.S.A. § 3929(a).

is also a unique identifier, an EPC tag,[2] which is embedded in RFID, a radio frequency identification.

_____

[2]An EPC is an identification that is specific to just that particular item. There is a different EPC for every UPC tag. [*See* Trial Court Opinion, 10/15/21, at 5 (transcript citations omitted).]

The report that is generated by TrueVue is available the following day. The report provides the date, the time, and the EPC for each item. It also provides the door in the store the item went out of. It further provides a picture, a link, to the actual time-stamped video of who is walking out with the item.

\* \* \* \* \*

Mr. Bulos testified that he has been using TrueVue since 2016, and . . . has used it in thousands of investigations for identification purposes. He never encountered any problems with the system. He explained that to assess its accuracy he always double checks it. He stated, "[s]o when we get that information, we can then take the UPC and go to our in-house records and run it again ourselves to make sure that it was not sold against our own sales records. So[,] we'll always do that." He has never found any inconsistencies in doing this. Further, the witness explained that he compares what is in the video to the information provided for by TrueVue. Because TrueVue provides the product image, that image will look identical to what's in the video if it's visible in someone's hand.

The Commonwealth then presented Mr. Bulos with Exhibit "C-1," which he testified to as a picture taken on February 19, 2019, by TrueVue, of [Royal] walking out of the store with a comforter in his hand in plain view. The picture also contained the manufacturer of the product, PB [C]omforters, and the specific brand, Charter Club. It also contained the UPC and the EPC numbers and the date and time the merchandise left the store, and the value of that item. The Commonwealth presented Mr. Bulos with additional exhibits "C-2," "C-3," "C-4," "C-5," which depicted in pictures [Royal] leaving the store with various bedding and cookware merchandise on the dates February 22, 2019,

February 26, 2019, February 28, 2019, and March 2, 2019, respectively.

In response to these TrueVue reports, Mr. Bulos coordinated a "blitz" of the [store] on March 5, 2019. In this "blitz," the witness called his peers in the neighboring area to meet up at [the store] to watch the mall doors and specifically, the southeast parking doors, and wait and see if [Royal] would come in that day. [Royal] did in fact come in that day. Mr. Bulos observed [Royal] exit the store with a Le Creuset pot in his arms. Having already confirmed [Royal] had not paid for that item, when [Royal] went out of the second set of doors Mr. Bulos stopped him and identified himself and told [Royal] he was being stopped for shoplifting. [Royal] tried to explain that he was just taking the item out of the store to show to his wife in the parking lot. No one identified as his wife ever appeared. At this point police were called.

Trial Court Opinion, 10/15/21, at 5-8 (transcript citations omitted, punctuation corrected).

The jury convicted Royal of six counts of retail theft. After trial but prior to sentencing, Royal stated he wished to waive the right to counsel and proceed *pro se*. The court conducted a ***Grazier***[2] hearing and permitted Royal to proceed *pro se* with stand-by counsel. ***See*** N.T., 10/20/20, at 7.

At Royal's sentencing for these offenses and another crime,[3] he challenged the weight of the evidence in this case and asserted he could not be sentenced for the retail thefts as felonies because the criminal information graded his crimes as misdemeanors. ***See*** N.T., 7/19/21, at 26-32. The trial

---

[2] ***See Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

[3] ***See*** CP-46-CR-5423-18, which was before this Court at J-S27042-22 (filed 12/12/23).

court denied Royal's assertions and imposed an aggregate sentence for this docket of three to fourteen years of imprisonment.[4]

Royal filed a timely post-sentence motion, a later supplement, and an untimely notice of appeal, which the trial court later denied.[5] Both Royal and the trial court complied with Pa.R.A.P. 1925.

Royal presents the following issues for our review:

[1]    Request to remand to the lower court for an evidentiary hearing based on after-discovered evidence pursuant to Pa.R.Crim.P. 720(C).

[2]    Did the trial court err in not addressing [Royal's] claims of ineffective assistance of trial counsel in his post-sentence motion when the trial court granted [Royal] to proceed [*sic*] *pro se* after the convictions where the trial court was required to determine if an evidentiary hearing was required or if the claims could be resolved on the existing record?

[3]    Did the sentencing court err as a matter of law when it imposed illegal sentences when the Commonwealth failed to aver any prior retail theft convictions in the Bill of Information, contrary to precedent of this Court and the Supreme Court of Pennsylvania?

[4]    Was the sentencing court without jurisdiction to impose a restitution order when it did not determine an amount of restitution at the time of sentencing?

Royal's Brief at 4 (issues reordered; capitalization standardized).[6]

---

[4] The sentence in the instant matter is to be served consecutively to that in CP-46-CR-5423-18.

[5] We will regard this appeal as having been timely filed after the entry of an order denying post-trial motions.  **See** Pa.R.A.P. 905(a)(5).

[6] For ease of disposition, we have reordered the issues in Royal's Brief.

Royal's first issue requests a remand for an evidentiary hearing based on a claim of after-discovered evidence. A claim of after-discovered evidence must satisfy a four-prong test; it must show:

(1) the evidence could not have been obtained before the conclusion of the trial by reasonable diligence; (2) the evidence is not merely corroborative or cumulative; (3) the evidence will not be used solely for purposes of impeachment; and (4) the evidence is of such a nature and character that a different outcome is likely.

*Commonwealth v. Miller*, 172 A.3d 632, 650 (Pa. Super. 2017) (citation omitted). The evidence must be "producible and admissible." *Commonwealth v. Castro*, 93 A.3d 818, 825 (Pa. 2014) (citation omitted). Further, "[t]he test is conjunctive; the appellant must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted." *Commonwealth v. Foreman*, 55 A.3d 532, 537 (Pa. Super. 2012) (brackets omitted).

The alleged after-discovered evidence in this case is a variety of technical information concerning the operation of the TrueVue software. *See* Royal's Brief at 12-20. Royal contends this information showed the software and/or related hardware was not operating correctly or was defective and, therefore, the Commonwealth did not prove the items in question were stolen. *See id*. Royal argues he should receive a new trial based on this information which he claims he obtained by researching the manufacturer's website and having conversations with some of the manufacturer's employees. *See id*. at 17-20. The Commonwealth counters that

[t]he alleged after-discovered evidence could have been discovered by the exercise of reasonable diligence prior to trial. [Royal] uncovered the alleged after-discovered evidence by talking to the company who makes TrueVue systems. Meaning, when he decided to look for information related to the system, he easily found it, and it could have been discovered by the exercise of reasonable diligence prior to trial.

Commonwealth's Brief at 8. We agree.

In the context of after-discovered evidence claims, this Court has defined the "reasonable diligence" duty of a defendant in the following manner:

To obtain a new trial based on after-discovered evidence, the petitioner must explain why he could not have produced the evidence in question at or before trial by the exercise of reasonable diligence. A defendant may unearth information that the party with the burden of proof is not required to uncover, so long as such diligence in investigation does not exceed what is reasonably expected. Thus, a defendant has a duty to bring forth any relevant evidence in his behalf. A defendant cannot claim he has discovered new evidence simply because he had not been expressly told of that evidence. Likewise, a defendant who fails to question or investigate an obvious, available source of information, cannot later claim evidence from that source constitutes newly discovered evidence.

*Commonwealth v. Padillas*, 997 A.2d 356, 363–64 (Pa. Super. 2010) (internal citations omitted).

Here, the purported evidence was not unavailable at the time of trial. Royal knew the Commonwealth would be presenting testimony regarding the TrueVue system. There was nothing preventing the defense from doing what Royal did after trial, researching the product on the company's public website and contacting the company for information.

Royal attempts to evade the after-discovered evidence standard by claiming the Commonwealth withheld this technical information in violation of **Brady v. Maryland**, 373 U.S. 83 (1963). **See** Royal's Brief at 13-14.

However, to prove a **Brady** violation, an appellant must show the evidence was suppressed or withheld by the Commonwealth. **See Commonwealth v. Spotz**, 18 A.3d 244, 276 (Pa. 2011). Further, there is no **Brady** violation "when the appellant knew or, with reasonable diligence, could have uncovered the evidence in question, or when the evidence was available to the defense from non-governmental sources." **Id**. (citations omitted). As noted above, the evidence in question was available via a public website and from contacting the manufacturer. Royal could have obtained it at any time. Because Royal could have readily obtained this evidence from non-governmental sources, there is no **Brady** violation. **See id**. Moreover, because Royal has not shown he exercised due diligence in attempting to discover this information, he has not met the requirements for a new trial based on after-discovered evidence. **See Padillas**, 997 A.2d at 363–64. Royal's first issue does not merit relief.

Royal next contends trial counsel was ineffective. **See** Royal's Brief at 32-45. This claim is premature.

Our Supreme Court recently reiterated the well-established principle that claims of trial counsel's ineffectiveness are to be raised in collateral proceedings and may not be raised on direct appeal. **See Commonwealth**

*v. Bradley*, 261 A.3d 381, 391 (Pa. 2021) (stating, "claims of trial counsel's ineffectiveness … are to be presented in a [petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546]"); *see also Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013) (stating, "claims of ineffective assistance of counsel are to be deferred to PCRA review"); 42 Pa.C.S.A. § 9543(a)(2)(ii) (setting forth ineffective assistance of counsel as grounds for collateral relief if pleaded and proven by a preponderance of the evidence). Therefore, Royal's claims of ineffective assistance of trial counsel are premature, and we dismiss them without prejudice to his right to raise them in a collateral proceeding.[7]

In his third claim, Royal argues the trial court erred in sentencing him for retail theft as a third-degree felony because the criminal information did not detail his prior convictions for retail theft. *See* Royal's Brief at 21; *see also* Information, 10/1/18, at 1-2 (unnumbered). Royal maintains the

---

[7] Royal's reliance on *Commonwealth v. Hudson*, 820 A.2d 720 (Pa. Super. 2003), to support the resolution of an ineffective assistance claim on direct appeal is misplaced. *See* Royal's Brief at 32-34. In *Hudson*, the appellant had raised ineffective assistance of counsel claims in a post-sentence motion and the trial court disposed of them *on the merits* after holding an evidentiary hearing. *See Hudson*, 820 A.2d at 725-26. Because of this procedure, we found an exception to the general rule and addressed the merits of the appellant's ineffective assistance claims on direct appeal. *See id*. Here, the trial court properly declined to address the merits of Royal's premature claims. *See* Trial Court Opinion, 10/15/21, at 19. Thus, *Hudson* does not support Royal's contention his ineffective assistance of counsel claims should be addressed on direct appeal.

Commonwealth did not provide him with adequate notice of the sentence he faced. *See id*. at 21-25.

18 Pa.C.S.A. § 3929 provides as follows, in pertinent part, with respect to the grading of retail theft offenses:

(1) Retail theft constitutes a:

* * *

(iv) Felony of the third degree when the offense is a third or subsequent offense, regardless of the value of the merchandise.

18 Pa.C.S.A. § 3929(b)(1)(iv).

This Court has previously held the information does not need to specify the prior retail thefts for a retail theft to be graded as a third-degree felony. In **Commonwealth v. Orrs**, 640 A.2d 911 (Pa. Super. 1994), this Court stated:

[t]he failure to specify in the information the crimes previously committed, establishing the basis for charging a felony three, does not affect the jurisdiction of the court to hear the case and convict as a felony, third degree. Prior offenses need not be proven at the preliminary hearing or at trial [to] establish the appropriate grading of such offense for which the accused may be tried. The accused need only be placed on notice that the Commonwealth will seek a third[-]degree felony sentence in the event of conviction.

**Orrs**, 640 A.2d at 912-13 (quotation marks and citations omitted). Thus, this Court held where the criminal complaint and the information cited the correct statute and grading, including the notation "F3" it was sufficient to put the

defendant on notice the Commonwealth was charging him with a felony. *See*

*id*. We concluded:

> [h]ence, the requisite notice and averment of a third[-]degree felony having been contained in the information and complaint, jurisdiction to hear the matter . . . clearly was present. The prior offenses in grading retail theft do not constitute substantive elements of the offense (felony third degree, Retail Theft); as such, evidence only may be produced at sentencing for purposes of grading the crime under subsection (b), Grading.

*Id*. at 913 (emphasis eliminated).

In the instant matter, the criminal complaint, and the bill of information both informed Royal the charged offense was an F3. *See* Criminal Complaint, 3/25/18, at 3; Information, 10/1/18, at 1-2 (unnumbered). Further, Royal acknowledged in a pretrial motion the Commonwealth graded the offense as a felony. *See*, *e.g*., Motion to Modify Pretrial Bail, 1/6/20, at 1. Thus, Royal received the required notice. *See Orrs*, 640 A.2d at 912-13. Royal's third issue fails.[8]

In his final issue, Royal challenges the legality of the imposition of restitution because the trial court failed to comply with the dictates of 18 Pa.C.S.A. § 1106. *See* Royal's Brief at 46-48. Royal also claims the amount of restitution imposed by the trial court is incorrect. *See id*. at 48.

_____

[8] We are not persuaded by Royal's attempt to distinguish *Orrs*. *See* Royal's Brief at 17-25. The cases he cites either predate *Orrs*, do not concern the retail theft statute, are legally and factually distinguishable, or are not binding precedent. *See id*. *Orrs* is binding precedent in this matter. *See Orrs*, 640 A.2d at 912-13.

A challenge to the authority of the trial court to impose an order of restitution is a challenge to the legality of sentence; and a challenge that the amount of restitution is speculative or incorrect is a challenge to the discretionary aspects of sentence. *See Commonwealth v. Schutzues*, 54 A.3d 86, 92 (Pa. Super. 2012). Royal raises his challenges to the award of restitution for the first time on appeal, and, therefore, the trial court did not address the issue in its opinion. *See* Trial Court Opinion, 10/15/21, at 16-20.

As noted, a challenge to the amount of a restitution award based on the trial court's consideration of the Commonwealth's evidence regarding loss is a challenge to the discretionary aspects of sentence, not the legality of sentence. *See Commonwealth v . Weir*, 239 A.3d 25, 38 (Pa. 2020). Royal waived this claim because he raised it for the first time on appeal. *See Commonwealth v. Sulpizio*, 281 A.3d 352, 359 (Pa. Super. 2022) (holding challenge to the amount of restitution pertains to the discretionary aspects of sentence and is waived when not raised in the trial court).

Royal also raises his challenge to the trial court's alleged failure to comply with 18 Pa.C.S.A. § 1106 for the first time on appeal. This is a non-waivable challenge to the legality of Royal's sentence over which our scope of review is plenary, and our standard of review is *de novo*. *See Commonwealth v. Laur*, 295 A.3d 241, 243 (Pa. Super. 2023). Pennsylvania law provides for mandatory restitution where "property of a victim has been stolen, converted or otherwise unlawfully obtained, or its

value substantially decreased as a direct result of the crime[.]" 18 Pa.C.S.A.

§ 1106(a). The statute continues:

> [a]t the time of sentencing the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court:
>
> (i) Shall consider the extent of injury suffered by the victim, the victim's request for restitution as presented to the district attorney in accordance with paragraph (4) and such other matters as it deems appropriate.
>
> (ii) May order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just.

18 Pa.C.S.A. § 1106(c)(2)(i-ii).

Our Supreme Court has explained, "restitution must properly be included in a sentence. . . . [T]he Superior Court held these requirements provide the defendant with certainty as to his sentence, and at the same time allow for subsequent modification . . . if necessary." ***Commonwealth v. Dietrich***, 970 A.2d 1131, 1133-34 (Pa. 2009) (citations and brackets and internal quotation marks omitted). Failure to comply with Section 1106(c)(2) results in an illegal sentence. ***See Commonwealth v. Mariani***, 869 A.2d 484, 485–86 (Pa. Super. 2005) (invalidating as illegal trial court's order at the sentencing hearing which failed to specify both the amount and method of restitution and postponed determining same until after sentencing hearing).

Here, at sentencing, the Commonwealth informed the court Royal owed restitution in the amount of $4,568.95. N.T., 7/19/21, at 41. Royal offered no objection and the Court immediately imposed restitution in that amount.

- 12 -

*See id*. at 45. Thus, Royal's claim the trial court did not specify the amount at sentencing as required by Section 1106(c)(2) is belied by the record. However, the trial court did not specify the **method** of restitution at the sentencing hearing, instead including it in the sentencing order. **See** N.T., 7/19/21, at 41-45; Sentencing Order, 7/19/21 at 1 (unnumbered). While we cannot find any published opinion addressing this method of specification, in an unpublished memorandum,[9] this Court stated it was not sufficient to include the method of payment in a sentencing order, rather it must be stated at the time of sentencing. **See Commonwealth v. Galvin**, 446 WDA 2019 (Pa. Super. 2020) (unpublished memorandum at 8-9 n.5) (remanding for resentencing because including the method of payment of restitution in the sentencing order rather than stating it at the time of sentencing did not comply 18 Pa.C.S.A. § 1106(c)(2)). While **Galvin** is not binding precedent, it is of persuasive value. Accordingly, we are constrained to find the trial court's failure to specify the method of payment at the sentencing hearing rendered that portion of Royal's sentence illegal. Therefore, we vacate the portion of Royal's judgment of sentence that ordered restitution. **See Commonwealth v. Muhammed**, 219 A.3d 1207, 1212-13 (Pa. Super. 2019).

---

[9] **See** Pa.R.A.P. 126(b) (unpublished non-precedential memoranda decision of Superior Court filed after May 1, 2019, may be cited for persuasive value).

For the reasons discussed above, we affirm in part but vacate the portion of Royal's judgment of sentence that imposed restitution. We remand for resentencing limited to the reimposition of $4,568.95 in restitution and an on-the-record specification of the method of payment.

Judgment of sentence affirmed in part and vacated in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/20/2024