J-A28004-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: C. F., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: C. F.., A MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 354 EDA 2024 |

Appeal from the Dispositional Order Entered January 4, 2024
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-JV-0001181-2023

BEFORE:  PANELLA, P.J.E., STABILE, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.E.:          **FILED JANUARY 24, 2025**

C.F. appeals from the adjudication of delinquency and dispositional order imposing restitution in the amount of $2,000 entered by the Court of Common Pleas of Philadelphia, Juvenile Division, on January 4, 2024. We vacate the order of restitution and remand for further proceedings.

On June 19, 2023, Philadelphia police officers observed a 2011 Hyundai Sonata drive past them at a high rate of speed. While stopped at a red light, two occupants exited the vehicle and ran. The occupants failed to put the vehicle in park prior to fleeing, and consequently, the vehicle rolled onto a sidewalk. One occupant fled through a parking lot and the second, who was believed to be the driver and later identified as C.F., was detained by officers following a brief foot pursuit. An officer secured the vehicle and ran its tag over radio. The vehicle's tag and VIN matched that which had been entered

in stolen status out of a neighboring district 3 hours prior. C.F. was arrested and charged with theft by unlawful taking,[1] receiving stolen property,[2] and unauthorized use of automobiles ("UUA").[3]

At the time of C.F.'s arrest, the only allegation of damages to the vehicle related to the incident included a broken steering column and broken rear window. *See* N.T., 7/10/23, at 6. Additionally, following a phone interview conducted the evening of the incident, the only allegations of damage reported by the interviewing detective included a broken ignition and a broken rear passenger window; the estimated cost associated with these alleged damages was unknown. *See* Exhibit B, Ownership & Non-Permission Interview Sheet, 6/19/23, at 2.

On July 10, 2023, C.F. tendered an admission to UUA and was adjudicated delinquent by the juvenile court. The Commonwealth withdrew the remaining charges.

At a disposition hearing held on August 16, 2023, C.F. was placed on probation. The Commonwealth requested the court to order restitution in the amount of $5,754.50 and produced a mechanic's repair estimate, which was provided by the complainant, in support of its demand. *See* Exhibit A, Repair

_____

[1] 18 Pa.C.S.A. § 3921(a).

[2] 18 Pa.C.S.A. § 3925(a).

[3] 18 Pa.C.S.A. § 3928(a).

Estimate, 7/19/23. The estimate called for extensive repairs to the body of the vehicle, including replacement of the vehicle's front bumper cover, grille, fuel door, and rear bumper cover, and notably did not call for any repairs to the vehicle's steering column, ignition, or window. Defense counsel objected to the proposed amount, arguing the requested restitution exceeded the fair market value of a vehicle of the same make, model, and year, in good condition. The court left restitution open pending further inquiry into the complainant's insurance coverage.

A review hearing was held on September 18, 2023, and the court again left open the issue of the restitution amount and requested that the complainant obtain a second repair estimate.

At a status hearing held on October 19, 2023, defense counsel maintained that the Commonwealth's request for $5,754.50 in restitution was unreasonable because the repair costs called for in the estimate exceeded the total value of the vehicle, and as of that date, the complainant had not obtained a second repair estimate per the court's prior request. The court allowed the Commonwealth additional time to procure a second repair estimate from the complainant.

Following a status hearing on November 28, 2023, the court entered a Dispositional Review Order leaving open the issue of restitution and scheduled a hearing for January 4, 2024 to resolve the amount. Additionally, the court ordered the Commonwealth to contact the complainant to obtain a second

repair estimate and determine whether the damages were covered by insurance.

At the January 4, 2024 status hearing, defense counsel maintained its position that the Commonwealth's requested restitution amount was unreasonable because it exceeded the vehicle's fair market value. *See* N.T., 1/4/24, at 10. The Commonwealth and court responded as follows:

> [PROSECUTION]: I would just ask for Your Honor to consider a more reasonable amount. I am looking at the Carfax report, so I can see that the car is worth lower than what was originally requested.
>
> I do know, based on cases that I've already handled, that the broken ignition in combination with a broken window usually is around $1,000 to $2,000 range. If Your Honor is inclined, that is what I would ask for at this time, considering the complainant did provide an initial estimate.
>
> THE COURT: It's $2,000 restitution.
>
> [PROSECUTION]: Thank you, Your Honor.
>
> [DEFENSE]: Please note my objection, Your Honor.
>
> THE COURT: It's noted. But can I say for the record.
>
> [The Prosecution] is right. With the punched out ignition and a broken window, it's at least $2,000.

*Id.* at 12-13. The court entered a Dispositional Review Order, imposing probation and restitution in the amount of $2,000 to be paid for the benefit of the complainant.

On January 11, 2024, C.F. filed a Motion for Reconsideration of Restitution Order, which the court denied on January 18, 2024. On February

1, 2024, C.F. filed a Notice of Appeal, and on March 11, 2024, C.F. filed a court-ordered Statement of Errors Complained of on Appeal, pursuant to Pa.R.A.P. 1925(b).

C.F. raises the following issue for our review:

Did the juvenile court abuse its discretion in determining the amount of restitution where the court did not make any inquiry into: (1) the amount of loss suffered by the victim or (2) whether C.F.'s actions caused the injury?

Appellant's Brief, at 3.

C.F. asks this Court to grant allowance of appeal concerning the discretionary aspects of the sentence imposed by the juvenile court, specifically its decision to order "C.F., a child, to pay $2,000 for repairs to complainant's car." Appellant's Brief, at 9.

A challenge to the amount of a restitution award implicates discretionary aspects of sentencing and must be preserved for our review pursuant to Pa.R.A.P. 2119(f). **See Commonwealth v. Royal**, 312 A.3d 317, 325 (Pa. Super. 2024) (observing "a challenge that the amount of restitution is speculative or incorrect is a challenge to the discretionary aspects of sentence"). Accordingly, an appellant "has no absolute right to appellate review" and "must invoke this Court's jurisdiction." **Commonwealth v. Soloman**, 247 A.3d 1163, 1167 (Pa. Super. 2021) (citation omitted). To determine whether an appellant has properly invoked our jurisdiction, we consider:

(1) whether the appeal is timely; (2) whether the appellant preserved his or her issue; (3) whether appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence[, **see** Pa.R.A.P. 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the Sentencing Code.

**Commonwealth v. Tavarez**, 174 A.3d 7, 10 (Pa. Super. 2017) (citations and brackets omitted).

Here, C.F. timely filed a Notice of Appeal, preserved the issue in a post-sentence motion for reconsideration of the restitution order, included a statement of reasons relied upon as required by Pa.R.A.P. 2119(f) in her appellate brief, and raised a substantial question by challenging the restitution amount imposed by the juvenile court. **See Solomon**, 247 A.3d at 1167 (a "challenge to the amount of restitution set by the trial court presents a substantial question"). Therefore, C.F. properly invoked our jurisdiction, and we may review the merits of the claim.

We review a dispositional order in a juvenile proceeding for an abuse of discretion. **See Commonwealth v. B.D.G.**, 959 A.2d 362, 366-67 (Pa. Super. 2008) (*per curiam*). "In reviewing an order of restitution, discretion is abused where the order is speculative or excessive or lacks support in the record." **Id.** at 367 (citations omitted). Thus, although a sentencing court retains broad discretion in fashioning an order of restitution, "we must vacate a restitution order which is not supported by the record." **Commonwealth v. Rotola**, 173 A.3d 831, 834 (Pa. Super. 2017) (citation and brackets omitted).

The Juvenile Act applies to "proceedings in which a child is alleged to be delinquent." 42 Pa.C.S.A. § 6303(a)(1). "An act of delinquency is defined, in relevant part, as an act designated a crime under the law of this Commonwealth." **Commonwealth v. Taylor**, 309 A.3d 754, 791 (Pa. 2024) (citing 42 Pa.C.S.A. § 6302) (quotation marks omitted). Pursuant to Section 6352 of the Act, upon adjudicating a child delinquent, a court may enter an order of disposition, including payment of restitution, "as deemed appropriate as part of a plan of rehabilitation considering the nature of the acts committed and the earning capacity of the child, including a contribution to a restitution fund." **See** 42 Pa.C.S.A. § 6352(a)(5). However, before imposing restitution, a sentencing court must consider:

> (1) The amount of loss suffered by the victim; (2) The fact that defendant's action caused the injury; (3) The amount awarded does not exceed defendant's ability to pay; and (4) The type of payment that will best serve the needs of the victim and the capabilities of the defendant.

**B.D.G.**, 959 A.2d at 367 (brackets and citation omitted). "The sentencing court applies a 'but for' test in imposing restitution; damages which occur as a direct result of the crimes are those which would not have occurred but for the defendant's criminal conduct." **Commonwealth v. Poplawski**, 158 A.3d 671, 674 (Pa. Super. 2017) (citation omitted). Accordingly, a direct causal link between the victim's loss and the crime for which the juvenile was adjudicated delinquent should be clear from the record. **See In re J.E.D.**, 879 A.2d 288, 292 (Pa. Super. 2005) ("in fashioning restitution, the trial court must consider

the nature of the crime, i.e., whether the juvenile's actions caused the injury")
(citation omitted).

C.F. challenges the juvenile court's "baseless order of restitution," arguing that "[w]hen C.F. admitted to unauthorized use of an automobile, restitution was left open," and "[t]he only allegation of damages to the car at that time related to the theft of the car," by way of a broken window and steering column. Appellant's Brief, at 3. C.F. asks this Court to "vacate the restitution order and remand with specific instructions to the lower court to include consideration of the amount of loss suffered by the victim and whether the juvenile's action [caused] the injury." *Id.*, at 4.

> The trial court addressed C.F.'s appeal in its 1925(a) Opinion as follows:
>
> Upon extensive review and reconsideration of the entire record in light of the pleadings of all parties and the responses thereto and the averments set forth therein, this court finds that appellant has presented enough evidence to disturb, in part, this court's prior decision.
>
> Accordingly, trial court requests Appellate Court to allow a voluntary remand of this case back to trial court for an evidentiary hearing solely as to the issue of restitution.

Trial Court Opinion, 3/28/2024 (footnote and unnecessary capitalization omitted). The Commonwealth argues its restitution estimate was "reasonable in light of the prosecutor's past experience with similar cases," but concedes "the evidence of record did not establish that damages amounted to [$2,000]," and therefore, it does not oppose "a limited remand to allow it to

present additional evidence to support its restitution estimate," in accordance with the trial court's request. Appellee's Brief, at 4.

We commend the trial court, as well as the District Attorney's Office, in acknowledging that the imposition of restitution in the amount of $2,000 was not supported by the record. Here, although we do not question the conscientious efforts of the prosecutor and the court to come up with a fair restitution order, neither the loss suffered by the complainant nor a causal link between the damages complained of and C.F.'s conduct, specifically, the loss caused by her unauthorized use of the vehicle, were established.

Based on the foregoing, a remand for a hearing is necessary to determine the loss the complainant suffered because of C.F.'s unauthorized use of the vehicle. Accordingly, we vacate the January 4, 2024 order imposing restitution in the amount of $2,000 and remand for further proceedings consistent with this decision.

Order vacated; remanded for reconsideration of restitution amount. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/24/2025