J-S39034-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL CRANDLE WILLIAMS | : | |
| | : | |
| Appellant | : | No. 594 EDA 2025 |

Appeal from the Judgment of Sentence Entered October 15, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0004392-2023

BEFORE: STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED FEBRUARY 12, 2026**

Michael Crandle Williams ("Williams") appeals *pro se* from the judgment of sentence for his convictions of evading arrest or detention on foot and disorderly conduct.[1] Having determined Williams's claims are waived, meritless, and/or premature, we affirm.

The factual and procedural history is as follows:

In October 2023, the Allentown Police Department responded to a report that Williams, who had multiple active warrants from Schuylkill County, was at 1822 Greenleaf Street. As the officers set up a perimeter, they saw Williams run out of the front door of the house, cross the street, jump a fence, and run into the backyard. When the officers went to that house, they saw an elderly woman run out and heard her say Williams was there. **See** Trial Court Opinion, 5/22/25, at 1-2.

---

[1] **See** 18 Pa.C.S.A. §§ 5104.2(a), (b)(3), 5503(a)(4).

Officer David Lawrence ("Officer Lawrence") entered the house and announced his presence. Williams was not inside. The officers searched for Williams by car and located Williams on Cedar Street. Officer Lawrence commanded Williams to stop. Williams continued to flee, ignoring the officers' commands. *See* Trial Court Opinion, 5/22/25, at 2.

Williams eventually stopped in a side yard of a residence, and "got into . . . an aggressive fighting stance." N.T., 8/20/24, at 50. Officer Lawrence initiated a "chase stun" with a taser. *Id*. at 50-51. After a struggle, Officer Lawrence handcuffed Williams.[2]

At his formal arraignment in February 2024, Williams told the court he wanted to proceed *pro se*. The trial court appointed standby counsel who later filed a motion to withdraw her appearance. Counsel stated in the motion that Williams knew he would not receive new counsel and would proceed *pro se*. *See* Motion to Withdraw Appearance, 8/16/24, unnumbered at 3. Counsel was permitted to withdraw the day before jury selection, and Williams proceeded *pro se*. *See* N.T., 8/19/24, at 9-25.

In August 2024, a jury found Williams guilty of the above offenses. At the sentencing hearing in October 2024, the court reviewed a presentence report ("PSI") which showed Williams was on state parole when he committed the offenses and had prior convictions for violent crimes. The court imposed

---

[2] At trial, the Commonwealth presented the video from Officer Lawrence's body camera.

an aggregate sentence of twelve to twenty-four months of imprisonment.  ***See***

Trial Court Opinion, 5/22/25, at 3.

Williams filed a post-sentence motion which was denied by operation of

law.  This timely appeal followed.[3]

Williams raises the following issues for our review:

1. Whether the court erred in denying [Williams's] right to counsel during trial and sentencing[?]

2. Whether the court erred in denying [Williams's] writ of subpoena and exculpatory evidence[?]

3. Whether the court erred in denying [Williams's] writ of *habeas corpus* and motion to suppress the unlawful bench warrant for failure to appear out of Schuylkill County for lack of subject matter jurisdiction[?]

4. Whether the Commonwealth presented sufficient evidence to convict [Williams] of evading arrest or detention on foot and disorderly conduct[?]

5. Whether the court erred in denying [Williams's] claims and motion for ineffective assistance of counsel[?]

6. Whether the court erred in denying [Williams's] motion for judgment of acquittal at the end of the Commonwealth['s] case[?]

Williams's Brief at 6 (unnecessary capitalization omitted, italics added).

Williams first claims the trial court erred in denying his right to counsel

during trial and sentencing.  ***See*** Williams's Brief at 10-13.

_____

[3] Williams repeatedly appealed this matter prematurely.  We discuss only his timely appeal.

- 3 -

We initially consider whether Williams preserved his claim for appellate review. In this regard, we have stated, "Rule 1925(b) is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal." **Commonwealth v. Snyder**, 316 A.3d 178, 181 (Pa. Super. 2024) (internal quotation marks and citation omitted). An issue not raised in the 1925(b) statement is deemed waived for appellate review. **See Commonwealth v. Bonnett**, 239 A.3d 1096, 1106 (Pa. Super. 2020); **see also** Pa.R.A.P. 1925(b)(4)(vii); Pa.R.A.P. 302(a) (stating issues may not be raised for the first time on appeal). Additionally, a Rule 1925(b) statement must be sufficiently "concise and coherent such that the trial judge may be able to identify the issues raised on appeal[.]" **Commonwealth v. Vurimindi**, 200 A.3d 1031, 1038 (Pa. Super. 2018) (internal quotation marks and citation omitted). Although Williams is proceeding *pro se*, he is subject to the same rules of procedure as defendants who are represented by counsel. **See Commonwealth v. Williams**, 896 A.2d 523, 574 (Pa. 2006).

Williams waived his right to counsel claim by failing to include it in his Rule 1925(b) statement. Williams does not use the phrase "right to counsel" or anything that would specifically indicate such a claim in his statement. Although he mentions a "Sixth Amendment [v]iolation," he fails to elaborate on it. **See** Williams's 1925(b) Statement at 6. Because Williams's 1925(b) statement was not sufficiently concise and coherent such that the trial judge

- 4 -

could identify the issues raised on appeal, this claim is waived. *See Vurimindi*, 200 A.3d at 1038.

Williams next claims the trial court erred in denying his writ of subpoena and motion to compel exculpatory evidence. *See* Williams's Brief at 13-22. Williams asserts the trial court denied him a fair trial and the outcome of trial would have been different if he was able to present testimony to refute Officer Lawrence. *See id*. at 15.[4] He further asserts he was arrested only because of a 911 call to police, and the transcript of that call was exculpatory evidence. *See id*. at 17.

We review a trial court's decision to quash a subpoena for an abuse of discretion. *See Commonwealth v. Walsh*, 36 A.3d 613, 620 (Pa. Super. 2021); *see also Commonwealth v. Cherry*, No. 1011 MDA 2020, 2021 WL 5177853 (non-precedential memorandum at *13) (Pa. Super. Nov. 8, 2021).[5]

This Court has observed that:

> under both our state and federal constitutions, a criminal defendant has a right of compulsory process to obtain witnesses in his favor. The right to compulsory process encompasses the right to meet the prosecution's case with the aid of witnesses, and the right to elicit the aid of the Commonwealth in securing those

_____

[4] Williams does not name the witnesses he wished to subpoena in his argument. Elsewhere in his brief, he identifies them as Officer Daniel Miller of the Allentown Police Department and Sargeant Tyler Fleming of the Schuylkill Haven County Police Department. *See* Williams's Brief at 38, 42; Williams's Writ of Subpoena, 8/8/24, at 1.

[5] *See* Pa.R.A.P. 126(b) (unpublished non-precedential memoranda decision of Superior Court filed after May 1, 2019, may be cited for persuasive value).

- 5 -

witnesses at trial, both of which are fundamental to a fair trial. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law. The constitutional right, though fundamental, is not, however, absolute. ***In order to compel the attendance of a witness at trial, it must be shown that the information possessed by the witness is material, i.e., capable of affecting the outcome of the trial, and that it is favorable to the defense.***

***Commonwealth v. McKenzie***, 581 A.2d 655, 657 (Pa. Super. 1990) (quotation marks, internal citations, and alterations omitted, emphasis added).

The trial court noted:

> [t]he . . . claims of "[j]udicial [e]rrors," . . . lack specificity, preventing this court from meaningfully addressing them, and should be considered waived. One of his claims refers to ***Brady*** materials and claims he was denied access to those materials[] but fails to explain how this Court denied him access to any discovery.

Trial Court Opinion, 5/22/25, at 10 (alterations added). Williams has failed to show how the witnesses he wished to subpoena, whom he does not even name in his discussion of this claim, were capable of affecting the outcome of the trial in a manner favorable to the defense. ***See Commonwealth v. Banks***, 946 A.2d 721, 724 (Pa. Super. 2008). Williams does not state what testimony they would have given. Instead, Williams offers only boilerplate assertions that "[h]ad [he] been given said right to call witnesses, the outcome of the trial would have been different . . . because [he] would have been able to present testimony and evidence that would have refuted and/or contradicted the Commonwealth's only witness[.]" ***See*** Williams's Brief at 15.

- 6 -

Williams failed to explain how the trial court denied him access to the allegedly exculpatory witnesses. In his 1925(b) statement, Williams does not identify how the court interfered with discovery. *See Vurimindi*, 200 A.3d at 1038. Further, regarding alleged exculpatory evidence, the Commonwealth showed Williams all of the body camera footage, and the trial court denied Williams's motion to sanction the Commonwealth for failing to produce discovery. *See* N.T., 8/19/24, at 7-9. Absent identifying information, it is unclear what material Williams claims was withheld. Thus, Williams's exculpatory evidence claim is waived and/or meritless.

With regard to his claim the trial court should not have quashed the subpoena, Williams entirely fails to account for the fact he had an active bench warrant from Schuylkill County. *See* Exhibit 2; *see also Commonwealth v. Smith*, 234 A.3d 576, 585 (Pa. 2020) (explaining "a bench warrant issues only when an individual does not appear when required[] and thus acts to elude or evade law enforcement or prosecution."). Thus, there was a valid warrant for Williams's arrest and the trial court did not abuse its discretion in quashing the subpoena.

In his third claim, Williams asserts the court lacked subject matter jurisdiction. *See* Williams's Brief at 22-30. However, it is not clear exactly why he argues the court lacked jurisdiction. To the extent that we can determine his argument, it is meritless.

Preliminarily, Williams's argument is patently incorrect. A municipal police officer in Pennsylvania has the power to enforce the laws of this

- 7 -

Commonwealth and can arrest an individual pursuant to a bench warrant issued in another county. *See* 42 Pa.C.S.A. § 8953(a)(1). Thus, the police had the authority to arrest Williams. Additionally, the Rules of Criminal Procedure clearly contemplate out-of-county action on bench warrants. Pursuant to Pa.R.Crim.P. 150(A)(4), "[w]hen the individual is arrested outside the county of issuance [of a bench warrant], the authority in charge of the county jail promptly shall notify the proper authorities in the county of issuance that the individual is being held pursuant to the bench warrant." Williams does not point to anything which would demonstrate that "the authority in charge of the county jail" did not comply with this rule. Furthermore, Williams was arrested in Lehigh County, for his actions *in Lehigh County*, and went to court in Lehigh County on those charges—not on the Schuylkill County bench warrant; thus, his jurisdiction argument under any interpretation is frivolous.

In his fourth claim, Williams avers the Commonwealth failed to present sufficient evidence to convict him of evading arrest or detention on foot and disorderly conduct. *See* Williams's Brief at 30-37.

To preserve a sufficiency claim, an appellant's Rule 1925(b) statement "must specify the element or elements upon which the evidence was insufficient." *Commonwealth v. Widger*, 237 A.3d 1151, 1156 (Pa. Super. 2020). If the appellant does not specify such elements, the sufficiency claim is deemed waived. *Commonwealth v. Roche*, 153 A.3d 1063, 1072 (Pa. Super. 2017).

In his Rule 1925(b) statement, Williams presented a boilerplate challenge to his convictions and failed to specify which conviction he was challenging, which elements of the crime he was challenging, or explain why the evidence was insufficient. **See** Williams's Rule 1925(b) Statement at 5-6 (stating "the jury rendered [an] improper verdict of guilt."). The trial court interpreted these assertions to implicate the sufficiency of the evidence; however, this does not void waiver. **See** Trial Court Opinion at 6-7; **Commonwealth v. Heggins**, 809 A.2d 908, 911 (Pa. Super. 2002) (explaining "[e]ven if the trial court correctly guesses the issues [a]ppellant raises on appeal and writes an opinion pursuant to that supposition, the issue is still waived."). Williams's Rule 1925(b) statement was so vague that he waived his sufficiency claim. **See Commonwealth v. Hale**, No. 1476 WDA 2024, 2025 WL 2838817 (non-precedential memorandum at *1) (Pa. Super. Oct. 7, 2025) (finding sufficiency claim waived because 1925(b) statement was vague and did not specify the elements challenged or why the evidence was insufficient). Because we conclude Williams waived his challenge to the sufficiency of the evidence, we do not address the merits of his claim.

In his fifth claim, Williams asserts the court erred in denying his motion asserting the ineffective assistance of counsel. **See** Williams's Brief at 37-44. His claim is premature.

Claims of trial counsel's ineffectiveness are to be raised in collateral proceedings and may not be raised on direct appeal. **See Commonwealth v. Bradley**, 261 A.3d 381, 391 (Pa. 2021) (stating "claims of trial counsel's

ineffectiveness . . . are to be presented in a [petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546]"); *see also Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013) (stating that absent particular, narrow exceptions, "claims of ineffective assistance of counsel are to be deferred to PCRA review"); 42 Pa.C.S.A. § 9543(a)(2)(ii) (setting forth ineffective assistance of counsel as grounds for collateral relief if pleaded and proven by a preponderance of the evidence). Therefore, Williams's claims of ineffective assistance of trial counsel are premature, and we dismiss them without prejudice to his right to raise them in a collateral proceeding. *See Commonwealth v. Royal*, 312 A.3d 317, 323 (Pa. Super. 2024).

In his final claim, Williams asserts the court erred in denying his motion for judgment of acquittal "without conducting adequate findings on the merits." *See* Williams's Brief at 44-48.

An issue that is not raised in the Rule 1925(b) statement with specificity is deemed waived. *See Bonnett*, 239 A.3d at 1106; *Vurimindi*, 200 A.3d at 1038; *see also* Pa.R.A.P. 1925(b)(4)(vii). Williams's Rule 1925(b) statement asserts the court erred in its "denial and refusal to make adequate findings on the merits of [Williams's p]re-trial and [p]ost-trial motions." Williams's 1925(b) Statement at 3. Williams filed or attempted to file at least *fifteen* motions during the pre-trial-through-post-trial period. The trial court was unable to meaningfully address his claim without clarification as to, at minimum, which motions were at issue and/or what the claims were. *See*

***Commonwealth v. Dowling***, 778 A.2d 683, 686-87 (Pa. Super. 2001) (explaining when a Rule 1925(b) statement "is too vague to allow the court to identify the issues raised on appeal[, it] is the functional equivalent to no . . . [s]tatement at all.").[6]  Thus, Williams's sixth claim is waived.

For the reasons discussed above, we find Williams's claims are either waived, meritless, or premature.  Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/12/2026

---

[6] Williams filed his motion for judgment of acquittal prematurely, before the commencement of trial.  ***See*** Order Denying Motion for Acquittal, 8/20/24; Pa.R.Crim.P. 704(B)(1); ***see also Commonwealth v. Wilson***, 227 A.3d 928, 937 (Pa. Super. 2020) (emphasis added) (explaining, pursuant to the Rules of Criminal Procedure, "[u]nder extraordinary circumstances, when the interests of justice require, the trial judge may, ***before sentencing***, hear an oral motion in arrest of judgment, for a judgment of acquittal, or for a new trial.").

J-S39034-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL CRANDLE WILLIAMS | : | |
| | : | |
| Appellant | : | No. 594 EDA 2025 |

Appeal from the Judgment of Sentence Entered October 15, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0004392-2023

BEFORE:  STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:　　　　　　**FILED FEBRUARY 12, 2026**

Michael Crandle Williams ("Williams") appeals *pro se* from the judgment of sentence for his convictions of evading arrest or detention on foot and disorderly conduct.[1]  Having determined Williams's claims are waived, meritless, and/or premature, we affirm.

The factual and procedural history is as follows:

In October 2023, the Allentown Police Department responded to a report that Williams, who had multiple active warrants from Schuylkill County, was at 1822 Greenleaf Street.  As the officers set up a perimeter, they saw Williams run out of the front door of the house, cross the street, jump a fence, and run into the backyard.  When the officers went to that house, they saw an elderly woman run out and heard her say Williams was there.  **See** Trial Court Opinion, 5/22/25, at 1-2.

_____

[1] **See** 18 Pa.C.S.A. §§ 5104.2(a), (b)(3), 5503(a)(4).

Officer David Lawrence ("Officer Lawrence") entered the house and announced his presence. Williams was not inside. The officers searched for Williams by car and located Williams on Cedar Street. Officer Lawrence commanded Williams to stop. Williams continued to flee, ignoring the officers' commands. *See* Trial Court Opinion, 5/22/25, at 2.

Williams eventually stopped in a side yard of a residence, and "got into . . . an aggressive fighting stance." N.T., 8/20/24, at 50. Officer Lawrence initiated a "chase stun" with a taser. *Id*. at 50-51. After a struggle, Officer Lawrence handcuffed Williams.[2]

At his formal arraignment in February 2024, Williams told the court he wanted to proceed *pro se*. The trial court appointed standby counsel who later filed a motion to withdraw her appearance. Counsel stated in the motion that Williams knew he would not receive new counsel and would proceed *pro se*. *See* Motion to Withdraw Appearance, 8/16/24, unnumbered at 3. Counsel was permitted to withdraw the day before jury selection, and Williams proceeded *pro se*. *See* N.T., 8/19/24, at 9-25.

In August 2024, a jury found Williams guilty of the above offenses. At the sentencing hearing in October 2024, the court reviewed a presentence report ("PSI") which showed Williams was on state parole when he committed the offenses and had prior convictions for violent crimes. The court imposed

---

[2] At trial, the Commonwealth presented the video from Officer Lawrence's body camera.

an aggregate sentence of twelve to twenty-four months of imprisonment. *See* Trial Court Opinion, 5/22/25, at 3.

Williams filed a post-sentence motion which was denied by operation of law. This timely appeal followed.[3]

Williams raises the following issues for our review:

1. Whether the court erred in denying [Williams's] right to counsel during trial and sentencing[?]

2. Whether the court erred in denying [Williams's] writ of subpoena and exculpatory evidence[?]

3. Whether the court erred in denying [Williams's] writ of *habeas corpus* and motion to suppress the unlawful bench warrant for failure to appear out of Schuylkill County for lack of subject matter jurisdiction[?]

4. Whether the Commonwealth presented sufficient evidence to convict [Williams] of evading arrest or detention on foot and disorderly conduct[?]

5. Whether the court erred in denying [Williams's] claims and motion for ineffective assistance of counsel[?]

6. Whether the court erred in denying [Williams's] motion for judgment of acquittal at the end of the Commonwealth['s] case[?]

Williams's Brief at 6 (unnecessary capitalization omitted, italics added).

Williams first claims the trial court erred in denying his right to counsel during trial and sentencing. *See* Williams's Brief at 10-13.

_____

[3] Williams repeatedly appealed this matter prematurely. We discuss only his timely appeal.

We initially consider whether Williams preserved his claim for appellate review. In this regard, we have stated, "Rule 1925(b) is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal." **Commonwealth v. Snyder**, 316 A.3d 178, 181 (Pa. Super. 2024) (internal quotation marks and citation omitted). An issue not raised in the 1925(b) statement is deemed waived for appellate review. **See Commonwealth v. Bonnett**, 239 A.3d 1096, 1106 (Pa. Super. 2020); **see also** Pa.R.A.P. 1925(b)(4)(vii); Pa.R.A.P. 302(a) (stating issues may not be raised for the first time on appeal). Additionally, a Rule 1925(b) statement must be sufficiently "concise and coherent such that the trial judge may be able to identify the issues raised on appeal[.]" **Commonwealth v. Vurimindi**, 200 A.3d 1031, 1038 (Pa. Super. 2018) (internal quotation marks and citation omitted). Although Williams is proceeding *pro se*, he is subject to the same rules of procedure as defendants who are represented by counsel. **See Commonwealth v. Williams**, 896 A.2d 523, 574 (Pa. 2006).

Williams waived his right to counsel claim by failing to include it in his Rule 1925(b) statement. Williams does not use the phrase "right to counsel" or anything that would specifically indicate such a claim in his statement. Although he mentions a "Sixth Amendment [v]iolation," he fails to elaborate on it. **See** Williams's 1925(b) Statement at 6. Because Williams's 1925(b) statement was not sufficiently concise and coherent such that the trial judge

could identify the issues raised on appeal, this claim is waived. *See Vurimindi*, 200 A.3d at 1038.

Williams next claims the trial court erred in denying his writ of subpoena and motion to compel exculpatory evidence. *See* Williams's Brief at 13-22. Williams asserts the trial court denied him a fair trial and the outcome of trial would have been different if he was able to present testimony to refute Officer Lawrence. *See id*. at 15.[4] He further asserts he was arrested only because of a 911 call to police, and the transcript of that call was exculpatory evidence. *See id*. at 17.

We review a trial court's decision to quash a subpoena for an abuse of discretion. *See Commonwealth v. Walsh*, 36 A.3d 613, 620 (Pa. Super. 2021); *see also Commonwealth v. Cherry*, No. 1011 MDA 2020, 2021 WL 5177853 (non-precedential memorandum at *13) (Pa. Super. Nov. 8, 2021).[5]

This Court has observed that:

under both our state and federal constitutions, a criminal defendant has a right of compulsory process to obtain witnesses in his favor. The right to compulsory process encompasses the right to meet the prosecution's case with the aid of witnesses, and the right to elicit the aid of the Commonwealth in securing those

---

[4] Williams does not name the witnesses he wished to subpoena in his argument. Elsewhere in his brief, he identifies them as Officer Daniel Miller of the Allentown Police Department and Sargeant Tyler Fleming of the Schuylkill Haven County Police Department. *See* Williams's Brief at 38, 42; Williams's Writ of Subpoena, 8/8/24, at 1.

[5] *See* Pa.R.A.P. 126(b) (unpublished non-precedential memoranda decision of Superior Court filed after May 1, 2019, may be cited for persuasive value).

witnesses at trial, both of which are fundamental to a fair trial. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law. The constitutional right, though fundamental, is not, however, absolute. ***In order to compel the attendance of a witness at trial, it must be shown that the information possessed by the witness is material, i.e., capable of affecting the outcome of the trial, and that it is favorable to the defense.***

***Commonwealth v. McKenzie***, 581 A.2d 655, 657 (Pa. Super. 1990) (quotation marks, internal citations, and alterations omitted, emphasis added).

The trial court noted:

[t]he . . . claims of "[j]udicial [e]rrors," . . . lack specificity, preventing this court from meaningfully addressing them, and should be considered waived. One of his claims refers to ***Brady*** materials and claims he was denied access to those materials[] but fails to explain how this Court denied him access to any discovery.

Trial Court Opinion, 5/22/25, at 10 (alterations added). Williams has failed to show how the witnesses he wished to subpoena, whom he does not even name in his discussion of this claim, were capable of affecting the outcome of the trial in a manner favorable to the defense. ***See Commonwealth v. Banks***, 946 A.2d 721, 724 (Pa. Super. 2008). Williams does not state what testimony they would have given. Instead, Williams offers only boilerplate assertions that "[h]ad [he] been given said right to call witnesses, the outcome of the trial would have been different . . . because [he] would have been able to present testimony and evidence that would have refuted and/or contradicted the Commonwealth's only witness[.]" ***See*** Williams's Brief at 15.

- 6 -

Williams failed to explain how the trial court denied him access to the allegedly exculpatory witnesses. In his 1925(b) statement, Williams does not identify how the court interfered with discovery. *See Vurimindi*, 200 A.3d at 1038. Further, regarding alleged exculpatory evidence, the Commonwealth showed Williams all of the body camera footage, and the trial court denied Williams's motion to sanction the Commonwealth for failing to produce discovery. *See* N.T., 8/19/24, at 7-9. Absent identifying information, it is unclear what material Williams claims was withheld. Thus, Williams's exculpatory evidence claim is waived and/or meritless.

With regard to his claim the trial court should not have quashed the subpoena, Williams entirely fails to account for the fact he had an active bench warrant from Schuylkill County. *See* Exhibit 2; *see also Commonwealth v. Smith*, 234 A.3d 576, 585 (Pa. 2020) (explaining "a bench warrant issues only when an individual does not appear when required[] and thus acts to elude or evade law enforcement or prosecution."). Thus, there was a valid warrant for Williams's arrest and the trial court did not abuse its discretion in quashing the subpoena.

In his third claim, Williams asserts the court lacked subject matter jurisdiction. *See* Williams's Brief at 22-30. However, it is not clear exactly why he argues the court lacked jurisdiction. To the extent that we can determine his argument, it is meritless.

Preliminarily, Williams's argument is patently incorrect. A municipal police officer in Pennsylvania has the power to enforce the laws of this

Commonwealth and can arrest an individual pursuant to a bench warrant issued in another county. **See** 42 Pa.C.S.A. § 8953(a)(1). Thus, the police had the authority to arrest Williams. Additionally, the Rules of Criminal Procedure clearly contemplate out-of-county action on bench warrants. Pursuant to Pa.R.Crim.P. 150(A)(4), "[w]hen the individual is arrested outside the county of issuance [of a bench warrant], the authority in charge of the county jail promptly shall notify the proper authorities in the county of issuance that the individual is being held pursuant to the bench warrant." Williams does not point to anything which would demonstrate that "the authority in charge of the county jail" did not comply with this rule. Furthermore, Williams was arrested in Lehigh County, for his actions **in Lehigh County**, and went to court in Lehigh County on those charges—not on the Schuylkill County bench warrant; thus, his jurisdiction argument under any interpretation is frivolous.

In his fourth claim, Williams avers the Commonwealth failed to present sufficient evidence to convict him of evading arrest or detention on foot and disorderly conduct. **See** Williams's Brief at 30-37.

To preserve a sufficiency claim, an appellant's Rule 1925(b) statement "must specify the element or elements upon which the evidence was insufficient." **Commonwealth v. Widger**, 237 A.3d 1151, 1156 (Pa. Super. 2020). If the appellant does not specify such elements, the sufficiency claim is deemed waived. **Commonwealth v. Roche**, 153 A.3d 1063, 1072 (Pa. Super. 2017).

In his Rule 1925(b) statement, Williams presented a boilerplate challenge to his convictions and failed to specify which conviction he was challenging, which elements of the crime he was challenging, or explain why the evidence was insufficient. *See* Williams's Rule 1925(b) Statement at 5-6 (stating "the jury rendered [an] improper verdict of guilt."). The trial court interpreted these assertions to implicate the sufficiency of the evidence; however, this does not void waiver. *See* Trial Court Opinion at 6-7; ***Commonwealth v. Heggins***, 809 A.2d 908, 911 (Pa. Super. 2002) (explaining "[e]ven if the trial court correctly guesses the issues [a]ppellant raises on appeal and writes an opinion pursuant to that supposition, the issue is still waived."). Williams's Rule 1925(b) statement was so vague that he waived his sufficiency claim. ***See Commonwealth v. Hale***, No. 1476 WDA 2024, 2025 WL 2838817 (non-precedential memorandum at *1) (Pa. Super. Oct. 7, 2025) (finding sufficiency claim waived because 1925(b) statement was vague and did not specify the elements challenged or why the evidence was insufficient). Because we conclude Williams waived his challenge to the sufficiency of the evidence, we do not address the merits of his claim.

In his fifth claim, Williams asserts the court erred in denying his motion asserting the ineffective assistance of counsel. *See* Williams's Brief at 37-44. His claim is premature.

Claims of trial counsel's ineffectiveness are to be raised in collateral proceedings and may not be raised on direct appeal. ***See Commonwealth v. Bradley***, 261 A.3d 381, 391 (Pa. 2021) (stating "claims of trial counsel's

ineffectiveness . . . are to be presented in a [petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546]"); *see also Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013) (stating that absent particular, narrow exceptions, "claims of ineffective assistance of counsel are to be deferred to PCRA review"); 42 Pa.C.S.A. § 9543(a)(2)(ii) (setting forth ineffective assistance of counsel as grounds for collateral relief if pleaded and proven by a preponderance of the evidence). Therefore, Williams's claims of ineffective assistance of trial counsel are premature, and we dismiss them without prejudice to his right to raise them in a collateral proceeding. *See Commonwealth v. Royal*, 312 A.3d 317, 323 (Pa. Super. 2024).

In his final claim, Williams asserts the court erred in denying his motion for judgment of acquittal "without conducting adequate findings on the merits." *See* Williams's Brief at 44-48.

An issue that is not raised in the Rule 1925(b) statement with specificity is deemed waived. *See Bonnett*, 239 A.3d at 1106; *Vurimindi*, 200 A.3d at 1038; *see also* Pa.R.A.P. 1925(b)(4)(vii). Williams's Rule 1925(b) statement asserts the court erred in its "denial and refusal to make adequate findings on the merits of [Williams's p]re-trial and [p]ost-trial motions." Williams's 1925(b) Statement at 3. Williams filed or attempted to file at least *fifteen* motions during the pre-trial-through-post-trial period. The trial court was unable to meaningfully address his claim without clarification as to, at minimum, which motions were at issue and/or what the claims were. *See*

***Commonwealth v. Dowling***, 778 A.2d 683, 686-87 (Pa. Super. 2001) (explaining when a Rule 1925(b) statement "is too vague to allow the court to identify the issues raised on appeal[, it] is the functional equivalent to no . . . [s]tatement at all.").[6]  Thus, Williams's sixth claim is waived.

For the reasons discussed above, we find Williams's claims are either waived, meritless, or premature.  Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/12/2026

---

[6] Williams filed his motion for judgment of acquittal prematurely, before the commencement of trial.  ***See*** Order Denying Motion for Acquittal, 8/20/24; Pa.R.Crim.P. 704(B)(1); ***see also Commonwealth v. Wilson***, 227 A.3d 928, 937 (Pa. Super. 2020) (emphasis added) (explaining, pursuant to the Rules of Criminal Procedure, "[u]nder extraordinary circumstances, when the interests of justice require, the trial judge may, ***before sentencing***, hear an oral motion in arrest of judgment, for a judgment of acquittal, or for a new trial.").

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL CRANDLE WILLIAMS | : | |
| | : | |
| Appellant | : | No. 594 EDA 2025 |

Appeal from the Judgment of Sentence Entered October 15, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0004392-2023

BEFORE:  STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED FEBRUARY 12, 2026**

Michael Crandle Williams ("Williams") appeals *pro se* from the judgment of sentence for his convictions of evading arrest or detention on foot and disorderly conduct.[1]  Having determined Williams's claims are waived, meritless, and/or premature, we affirm.

The factual and procedural history is as follows:

In October 2023, the Allentown Police Department responded to a report that Williams, who had multiple active warrants from Schuylkill County, was at 1822 Greenleaf Street.  As the officers set up a perimeter, they saw Williams run out of the front door of the house, cross the street, jump a fence, and run into the backyard.  When the officers went to that house, they saw an elderly woman run out and heard her say Williams was there.  ***See*** Trial Court Opinion, 5/22/25, at 1-2.

_____

[1] ***See*** 18 Pa.C.S.A. §§ 5104.2(a), (b)(3), 5503(a)(4).

Officer David Lawrence ("Officer Lawrence") entered the house and announced his presence. Williams was not inside. The officers searched for Williams by car and located Williams on Cedar Street. Officer Lawrence commanded Williams to stop. Williams continued to flee, ignoring the officers' commands. *See* Trial Court Opinion, 5/22/25, at 2.

Williams eventually stopped in a side yard of a residence, and "got into . . . an aggressive fighting stance." N.T., 8/20/24, at 50. Officer Lawrence initiated a "chase stun" with a taser. *Id*. at 50-51. After a struggle, Officer Lawrence handcuffed Williams.[2]

At his formal arraignment in February 2024, Williams told the court he wanted to proceed *pro se*. The trial court appointed standby counsel who later filed a motion to withdraw her appearance. Counsel stated in the motion that Williams knew he would not receive new counsel and would proceed *pro se*. *See* Motion to Withdraw Appearance, 8/16/24, unnumbered at 3. Counsel was permitted to withdraw the day before jury selection, and Williams proceeded *pro se*. *See* N.T., 8/19/24, at 9-25.

In August 2024, a jury found Williams guilty of the above offenses. At the sentencing hearing in October 2024, the court reviewed a presentence report ("PSI") which showed Williams was on state parole when he committed the offenses and had prior convictions for violent crimes. The court imposed

_____

[2] At trial, the Commonwealth presented the video from Officer Lawrence's body camera.

an aggregate sentence of twelve to twenty-four months of imprisonment. ***See***

Trial Court Opinion, 5/22/25, at 3.

Williams filed a post-sentence motion which was denied by operation of

law. This timely appeal followed.[3]

Williams raises the following issues for our review:

1. Whether the court erred in denying [Williams's] right to counsel during trial and sentencing[?]

2. Whether the court erred in denying [Williams's] writ of subpoena and exculpatory evidence[?]

3. Whether the court erred in denying [Williams's] writ of *habeas corpus* and motion to suppress the unlawful bench warrant for failure to appear out of Schuylkill County for lack of subject matter jurisdiction[?]

4. Whether the Commonwealth presented sufficient evidence to convict [Williams] of evading arrest or detention on foot and disorderly conduct[?]

5. Whether the court erred in denying [Williams's] claims and motion for ineffective assistance of counsel[?]

6. Whether the court erred in denying [Williams's] motion for judgment of acquittal at the end of the Commonwealth['s] case[?]

Williams's Brief at 6 (unnecessary capitalization omitted, italics added).

Williams first claims the trial court erred in denying his right to counsel

during trial and sentencing. ***See*** Williams's Brief at 10-13.

---

[3] Williams repeatedly appealed this matter prematurely. We discuss only his timely appeal.

We initially consider whether Williams preserved his claim for appellate review. In this regard, we have stated, "Rule 1925(b) is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal." **Commonwealth v. Snyder**, 316 A.3d 178, 181 (Pa. Super. 2024) (internal quotation marks and citation omitted). An issue not raised in the 1925(b) statement is deemed waived for appellate review. **See Commonwealth v. Bonnett**, 239 A.3d 1096, 1106 (Pa. Super. 2020); **see also** Pa.R.A.P. 1925(b)(4)(vii); Pa.R.A.P. 302(a) (stating issues may not be raised for the first time on appeal). Additionally, a Rule 1925(b) statement must be sufficiently "concise and coherent such that the trial judge may be able to identify the issues raised on appeal[.]" **Commonwealth v. Vurimindi**, 200 A.3d 1031, 1038 (Pa. Super. 2018) (internal quotation marks and citation omitted). Although Williams is proceeding *pro se*, he is subject to the same rules of procedure as defendants who are represented by counsel. **See Commonwealth v. Williams**, 896 A.2d 523, 574 (Pa. 2006).

Williams waived his right to counsel claim by failing to include it in his Rule 1925(b) statement. Williams does not use the phrase "right to counsel" or anything that would specifically indicate such a claim in his statement. Although he mentions a "Sixth Amendment [v]iolation," he fails to elaborate on it. **See** Williams's 1925(b) Statement at 6. Because Williams's 1925(b) statement was not sufficiently concise and coherent such that the trial judge

could identify the issues raised on appeal, this claim is waived. ***See***
***Vurimindi***, 200 A.3d at 1038.

Williams next claims the trial court erred in denying his writ of subpoena
and motion to compel exculpatory evidence. ***See*** Williams's Brief at 13-22.
Williams asserts the trial court denied him a fair trial and the outcome of trial
would have been different if he was able to present testimony to refute Officer
Lawrence. ***See id***. at 15.[4] He further asserts he was arrested only because
of a 911 call to police, and the transcript of that call was exculpatory evidence.
***See id***. at 17.

We review a trial court's decision to quash a subpoena for an abuse of
discretion. ***See Commonwealth v. Walsh***, 36 A.3d 613, 620 (Pa. Super.
2021); ***see also Commonwealth v. Cherry***, No. 1011 MDA 2020, 2021 WL
5177853 (non-precedential memorandum at *13) (Pa. Super. Nov. 8, 2021).[5]

This Court has observed that:

> under both our state and federal constitutions, a criminal
> defendant has a right of compulsory process to obtain witnesses
> in his favor. The right to compulsory process encompasses the
> right to meet the prosecution's case with the aid of witnesses, and
> the right to elicit the aid of the Commonwealth in securing those

---

[4] Williams does not name the witnesses he wished to subpoena in his
argument. Elsewhere in his brief, he identifies them as Officer Daniel Miller
of the Allentown Police Department and Sargeant Tyler Fleming of the
Schuylkill Haven County Police Department. ***See*** Williams's Brief at 38, 42;
Williams's Writ of Subpoena, 8/8/24, at 1.

[5] ***See*** Pa.R.A.P. 126(b) (unpublished non-precedential memoranda decision of
Superior Court filed after May 1, 2019, may be cited for persuasive value).

- 5 -

witnesses at trial, both of which are fundamental to a fair trial. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law. The constitutional right, though fundamental, is not, however, absolute. ***In order to compel the attendance of a witness at trial, it must be shown that the information possessed by the witness is material, i.e., capable of affecting the outcome of the trial, and that it is favorable to the defense.***

*Commonwealth v. McKenzie*, 581 A.2d 655, 657 (Pa. Super. 1990) (quotation marks, internal citations, and alterations omitted, emphasis added).

The trial court noted:

[t]he . . . claims of "[j]udicial [e]rrors," . . . lack specificity, preventing this court from meaningfully addressing them, and should be considered waived. One of his claims refers to **Brady** materials and claims he was denied access to those materials[] but fails to explain how this Court denied him access to any discovery.

Trial Court Opinion, 5/22/25, at 10 (alterations added). Williams has failed to show how the witnesses he wished to subpoena, whom he does not even name in his discussion of this claim, were capable of affecting the outcome of the trial in a manner favorable to the defense. ***See Commonwealth v. Banks***, 946 A.2d 721, 724 (Pa. Super. 2008). Williams does not state what testimony they would have given. Instead, Williams offers only boilerplate assertions that "[h]ad [he] been given said right to call witnesses, the outcome of the trial would have been different . . . because [he] would have been able to present testimony and evidence that would have refuted and/or contradicted the Commonwealth's only witness[.]" ***See*** Williams's Brief at 15.

Williams failed to explain how the trial court denied him access to the allegedly exculpatory witnesses. In his 1925(b) statement, Williams does not identify how the court interfered with discovery. *See Vurimindi*, 200 A.3d at 1038. Further, regarding alleged exculpatory evidence, the Commonwealth showed Williams all of the body camera footage, and the trial court denied Williams's motion to sanction the Commonwealth for failing to produce discovery. *See* N.T., 8/19/24, at 7-9. Absent identifying information, it is unclear what material Williams claims was withheld. Thus, Williams's exculpatory evidence claim is waived and/or meritless.

With regard to his claim the trial court should not have quashed the subpoena, Williams entirely fails to account for the fact he had an active bench warrant from Schuylkill County. *See* Exhibit 2; *see also Commonwealth v. Smith*, 234 A.3d 576, 585 (Pa. 2020) (explaining "a bench warrant issues only when an individual does not appear when required[] and thus acts to elude or evade law enforcement or prosecution."). Thus, there was a valid warrant for Williams's arrest and the trial court did not abuse its discretion in quashing the subpoena.

In his third claim, Williams asserts the court lacked subject matter jurisdiction. *See* Williams's Brief at 22-30. However, it is not clear exactly why he argues the court lacked jurisdiction. To the extent that we can determine his argument, it is meritless.

Preliminarily, Williams's argument is patently incorrect. A municipal police officer in Pennsylvania has the power to enforce the laws of this

Commonwealth and can arrest an individual pursuant to a bench warrant issued in another county. ***See*** 42 Pa.C.S.A. § 8953(a)(1). Thus, the police had the authority to arrest Williams. Additionally, the Rules of Criminal Procedure clearly contemplate out-of-county action on bench warrants. Pursuant to Pa.R.Crim.P. 150(A)(4), "[w]hen the individual is arrested outside the county of issuance [of a bench warrant], the authority in charge of the county jail promptly shall notify the proper authorities in the county of issuance that the individual is being held pursuant to the bench warrant." Williams does not point to anything which would demonstrate that "the authority in charge of the county jail" did not comply with this rule. Furthermore, Williams was arrested in Lehigh County, for his actions ***in Lehigh County***, and went to court in Lehigh County on those charges—not on the Schuylkill County bench warrant; thus, his jurisdiction argument under any interpretation is frivolous.

In his fourth claim, Williams avers the Commonwealth failed to present sufficient evidence to convict him of evading arrest or detention on foot and disorderly conduct. ***See*** Williams's Brief at 30-37.

To preserve a sufficiency claim, an appellant's Rule 1925(b) statement "must specify the element or elements upon which the evidence was insufficient." ***Commonwealth v. Widger***, 237 A.3d 1151, 1156 (Pa. Super. 2020). If the appellant does not specify such elements, the sufficiency claim is deemed waived. ***Commonwealth v. Roche***, 153 A.3d 1063, 1072 (Pa. Super. 2017).

- 8 -

In his Rule 1925(b) statement, Williams presented a boilerplate challenge to his convictions and failed to specify which conviction he was challenging, which elements of the crime he was challenging, or explain why the evidence was insufficient. *See* Williams's Rule 1925(b) Statement at 5-6 (stating "the jury rendered [an] improper verdict of guilt."). The trial court interpreted these assertions to implicate the sufficiency of the evidence; however, this does not void waiver. *See* Trial Court Opinion at 6-7; ***Commonwealth v. Heggins***, 809 A.2d 908, 911 (Pa. Super. 2002) (explaining "[e]ven if the trial court correctly guesses the issues [a]ppellant raises on appeal and writes an opinion pursuant to that supposition, the issue is still waived."). Williams's Rule 1925(b) statement was so vague that he waived his sufficiency claim. ***See Commonwealth v. Hale***, No. 1476 WDA 2024, 2025 WL 2838817 (non-precedential memorandum at *1) (Pa. Super. Oct. 7, 2025) (finding sufficiency claim waived because 1925(b) statement was vague and did not specify the elements challenged or why the evidence was insufficient). Because we conclude Williams waived his challenge to the sufficiency of the evidence, we do not address the merits of his claim.

In his fifth claim, Williams asserts the court erred in denying his motion asserting the ineffective assistance of counsel. *See* Williams's Brief at 37-44. His claim is premature.

Claims of trial counsel's ineffectiveness are to be raised in collateral proceedings and may not be raised on direct appeal. ***See Commonwealth v. Bradley***, 261 A.3d 381, 391 (Pa. 2021) (stating "claims of trial counsel's

ineffectiveness . . . are to be presented in a [petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546]"); *see also Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013) (stating that absent particular, narrow exceptions, "claims of ineffective assistance of counsel are to be deferred to PCRA review"); 42 Pa.C.S.A. § 9543(a)(2)(ii) (setting forth ineffective assistance of counsel as grounds for collateral relief if pleaded and proven by a preponderance of the evidence). Therefore, Williams's claims of ineffective assistance of trial counsel are premature, and we dismiss them without prejudice to his right to raise them in a collateral proceeding. *See Commonwealth v. Royal*, 312 A.3d 317, 323 (Pa. Super. 2024).

In his final claim, Williams asserts the court erred in denying his motion for judgment of acquittal "without conducting adequate findings on the merits." *See* Williams's Brief at 44-48.

An issue that is not raised in the Rule 1925(b) statement with specificity is deemed waived. *See Bonnett*, 239 A.3d at 1106; *Vurimindi*, 200 A.3d at 1038; *see also* Pa.R.A.P. 1925(b)(4)(vii). Williams's Rule 1925(b) statement asserts the court erred in its "denial and refusal to make adequate findings on the merits of [Williams's p]re-trial and [p]ost-trial motions." Williams's 1925(b) Statement at 3. Williams filed or attempted to file at least *fifteen* motions during the pre-trial-through-post-trial period. The trial court was unable to meaningfully address his claim without clarification as to, at minimum, which motions were at issue and/or what the claims were. *See*

***Commonwealth v. Dowling***, 778 A.2d 683, 686-87 (Pa. Super. 2001) (explaining when a Rule 1925(b) statement "is too vague to allow the court to identify the issues raised on appeal[, it] is the functional equivalent to no . . . [s]tatement at all.").[6] Thus, Williams's sixth claim is waived.

For the reasons discussed above, we find Williams's claims are either waived, meritless, or premature. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/12/2026

---

[6] Williams filed his motion for judgment of acquittal prematurely, before the commencement of trial. ***See*** Order Denying Motion for Acquittal, 8/20/24; Pa.R.Crim.P. 704(B)(1); ***see also Commonwealth v. Wilson***, 227 A.3d 928, 937 (Pa. Super. 2020) (emphasis added) (explaining, pursuant to the Rules of Criminal Procedure, "[u]nder extraordinary circumstances, when the interests of justice require, the trial judge may, ***before sentencing***, hear an oral motion in arrest of judgment, for a judgment of acquittal, or for a new trial.").

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL CRANDLE WILLIAMS | : | |
| | : | |
| Appellant | : | No. 594 EDA 2025 |

Appeal from the Judgment of Sentence Entered October 15, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0004392-2023

BEFORE: STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED FEBRUARY 12, 2026**

Michael Crandle Williams ("Williams") appeals *pro se* from the judgment of sentence for his convictions of evading arrest or detention on foot and disorderly conduct.[1]    Having determined Williams's claims are waived, meritless, and/or premature, we affirm.

The factual and procedural history is as follows:

In October 2023, the Allentown Police Department responded to a report that Williams, who had multiple active warrants from Schuylkill County, was at 1822 Greenleaf Street.  As the officers set up a perimeter, they saw Williams run out of the front door of the house, cross the street, jump a fence, and run into the backyard.  When the officers went to that house, they saw an elderly woman run out and heard her say Williams was there.  **See** Trial Court Opinion, 5/22/25, at 1-2.

_____

[1] **See** 18 Pa.C.S.A. §§ 5104.2(a), (b)(3), 5503(a)(4).

Officer David Lawrence ("Officer Lawrence") entered the house and announced his presence. Williams was not inside. The officers searched for Williams by car and located Williams on Cedar Street. Officer Lawrence commanded Williams to stop. Williams continued to flee, ignoring the officers' commands. **See** Trial Court Opinion, 5/22/25, at 2.

Williams eventually stopped in a side yard of a residence, and "got into . . . an aggressive fighting stance." N.T., 8/20/24, at 50. Officer Lawrence initiated a "chase stun" with a taser. **Id**. at 50-51. After a struggle, Officer Lawrence handcuffed Williams.[2]

At his formal arraignment in February 2024, Williams told the court he wanted to proceed *pro se*. The trial court appointed standby counsel who later filed a motion to withdraw her appearance. Counsel stated in the motion that Williams knew he would not receive new counsel and would proceed *pro se*. **See** Motion to Withdraw Appearance, 8/16/24, unnumbered at 3. Counsel was permitted to withdraw the day before jury selection, and Williams proceeded *pro se*. **See** N.T., 8/19/24, at 9-25.

In August 2024, a jury found Williams guilty of the above offenses. At the sentencing hearing in October 2024, the court reviewed a presentence report ("PSI") which showed Williams was on state parole when he committed the offenses and had prior convictions for violent crimes. The court imposed

_____

[2] At trial, the Commonwealth presented the video from Officer Lawrence's body camera.

an aggregate sentence of twelve to twenty-four months of imprisonment. ***See***

Trial Court Opinion, 5/22/25, at 3.

Williams filed a post-sentence motion which was denied by operation of

law. This timely appeal followed.[3]

Williams raises the following issues for our review:

1. Whether the court erred in denying [Williams's] right to counsel during trial and sentencing[?]

2. Whether the court erred in denying [Williams's] writ of subpoena and exculpatory evidence[?]

3. Whether the court erred in denying [Williams's] writ of *habeas corpus* and motion to suppress the unlawful bench warrant for failure to appear out of Schuylkill County for lack of subject matter jurisdiction[?]

4. Whether the Commonwealth presented sufficient evidence to convict [Williams] of evading arrest or detention on foot and disorderly conduct[?]

5. Whether the court erred in denying [Williams's] claims and motion for ineffective assistance of counsel[?]

6. Whether the court erred in denying [Williams's] motion for judgment of acquittal at the end of the Commonwealth['s] case[?]

Williams's Brief at 6 (unnecessary capitalization omitted, italics added).

Williams first claims the trial court erred in denying his right to counsel

during trial and sentencing. ***See*** Williams's Brief at 10-13.

_____

[3] Williams repeatedly appealed this matter prematurely. We discuss only his timely appeal.

We initially consider whether Williams preserved his claim for appellate review. In this regard, we have stated, "Rule 1925(b) is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal." ***Commonwealth v. Snyder***, 316 A.3d 178, 181 (Pa. Super. 2024) (internal quotation marks and citation omitted). An issue not raised in the 1925(b) statement is deemed waived for appellate review. ***See Commonwealth v. Bonnett***, 239 A.3d 1096, 1106 (Pa. Super. 2020); ***see also*** Pa.R.A.P. 1925(b)(4)(vii); Pa.R.A.P. 302(a) (stating issues may not be raised for the first time on appeal). Additionally, a Rule 1925(b) statement must be sufficiently "concise and coherent such that the trial judge may be able to identify the issues raised on appeal[.]" ***Commonwealth v. Vurimindi***, 200 A.3d 1031, 1038 (Pa. Super. 2018) (internal quotation marks and citation omitted). Although Williams is proceeding *pro se*, he is subject to the same rules of procedure as defendants who are represented by counsel. ***See Commonwealth v. Williams***, 896 A.2d 523, 574 (Pa. 2006).

Williams waived his right to counsel claim by failing to include it in his Rule 1925(b) statement. Williams does not use the phrase "right to counsel" or anything that would specifically indicate such a claim in his statement. Although he mentions a "Sixth Amendment [v]iolation," he fails to elaborate on it. ***See*** Williams's 1925(b) Statement at 6. Because Williams's 1925(b) statement was not sufficiently concise and coherent such that the trial judge

- 4 -

could identify the issues raised on appeal, this claim is waived. **See Vurimindi**, 200 A.3d at 1038.

Williams next claims the trial court erred in denying his writ of subpoena and motion to compel exculpatory evidence. **See** Williams's Brief at 13-22. Williams asserts the trial court denied him a fair trial and the outcome of trial would have been different if he was able to present testimony to refute Officer Lawrence. **See id**. at 15.[4] He further asserts he was arrested only because of a 911 call to police, and the transcript of that call was exculpatory evidence. **See id**. at 17.

We review a trial court's decision to quash a subpoena for an abuse of discretion. **See Commonwealth v. Walsh**, 36 A.3d 613, 620 (Pa. Super. 2021); **see also Commonwealth v. Cherry**, No. 1011 MDA 2020, 2021 WL 5177853 (non-precedential memorandum at *13) (Pa. Super. Nov. 8, 2021).[5]

This Court has observed that:

> under both our state and federal constitutions, a criminal defendant has a right of compulsory process to obtain witnesses in his favor. The right to compulsory process encompasses the right to meet the prosecution's case with the aid of witnesses, and the right to elicit the aid of the Commonwealth in securing those

_____

[4] Williams does not name the witnesses he wished to subpoena in his argument. Elsewhere in his brief, he identifies them as Officer Daniel Miller of the Allentown Police Department and Sargeant Tyler Fleming of the Schuylkill Haven County Police Department. **See** Williams's Brief at 38, 42; Williams's Writ of Subpoena, 8/8/24, at 1.

[5] **See** Pa.R.A.P. 126(b) (unpublished non-precedential memoranda decision of Superior Court filed after May 1, 2019, may be cited for persuasive value).

- 5 -

witnesses at trial, both of which are fundamental to a fair trial. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law. The constitutional right, though fundamental, is not, however, absolute. ***In order to compel the attendance of a witness at trial, it must be shown that the information possessed by the witness is material, i.e., capable of affecting the outcome of the trial, and that it is favorable to the defense.***

***Commonwealth v. McKenzie***, 581 A.2d 655, 657 (Pa. Super. 1990) (quotation marks, internal citations, and alterations omitted, emphasis added).

The trial court noted:

[t]he . . . claims of "[j]udicial [e]rrors," . . . lack specificity, preventing this court from meaningfully addressing them, and should be considered waived. One of his claims refers to ***Brady*** materials and claims he was denied access to those materials[] but fails to explain how this Court denied him access to any discovery.

Trial Court Opinion, 5/22/25, at 10 (alterations added). Williams has failed to show how the witnesses he wished to subpoena, whom he does not even name in his discussion of this claim, were capable of affecting the outcome of the trial in a manner favorable to the defense. ***See Commonwealth v. Banks***, 946 A.2d 721, 724 (Pa. Super. 2008). Williams does not state what testimony they would have given. Instead, Williams offers only boilerplate assertions that "[h]ad [he] been given said right to call witnesses, the outcome of the trial would have been different . . . because [he] would have been able to present testimony and evidence that would have refuted and/or contradicted the Commonwealth's only witness[.]" ***See*** Williams's Brief at 15.

Williams failed to explain how the trial court denied him access to the allegedly exculpatory witnesses. In his 1925(b) statement, Williams does not identify how the court interfered with discovery. *See Vurimindi*, 200 A.3d at 1038. Further, regarding alleged exculpatory evidence, the Commonwealth showed Williams all of the body camera footage, and the trial court denied Williams's motion to sanction the Commonwealth for failing to produce discovery. *See* N.T., 8/19/24, at 7-9. Absent identifying information, it is unclear what material Williams claims was withheld. Thus, Williams's exculpatory evidence claim is waived and/or meritless.

With regard to his claim the trial court should not have quashed the subpoena, Williams entirely fails to account for the fact he had an active bench warrant from Schuylkill County. *See* Exhibit 2; *see also Commonwealth v. Smith*, 234 A.3d 576, 585 (Pa. 2020) (explaining "a bench warrant issues only when an individual does not appear when required[] and thus acts to elude or evade law enforcement or prosecution."). Thus, there was a valid warrant for Williams's arrest and the trial court did not abuse its discretion in quashing the subpoena.

In his third claim, Williams asserts the court lacked subject matter jurisdiction. *See* Williams's Brief at 22-30. However, it is not clear exactly why he argues the court lacked jurisdiction. To the extent that we can determine his argument, it is meritless.

Preliminarily, Williams's argument is patently incorrect. A municipal police officer in Pennsylvania has the power to enforce the laws of this

Commonwealth and can arrest an individual pursuant to a bench warrant issued in another county. **See** 42 Pa.C.S.A. § 8953(a)(1). Thus, the police had the authority to arrest Williams. Additionally, the Rules of Criminal Procedure clearly contemplate out-of-county action on bench warrants. Pursuant to Pa.R.Crim.P. 150(A)(4), "[w]hen the individual is arrested outside the county of issuance [of a bench warrant], the authority in charge of the county jail promptly shall notify the proper authorities in the county of issuance that the individual is being held pursuant to the bench warrant." Williams does not point to anything which would demonstrate that "the authority in charge of the county jail" did not comply with this rule. Furthermore, Williams was arrested in Lehigh County, for his actions **in Lehigh County**, and went to court in Lehigh County on those charges—not on the Schuylkill County bench warrant; thus, his jurisdiction argument under any interpretation is frivolous.

In his fourth claim, Williams avers the Commonwealth failed to present sufficient evidence to convict him of evading arrest or detention on foot and disorderly conduct. **See** Williams's Brief at 30-37.

To preserve a sufficiency claim, an appellant's Rule 1925(b) statement "must specify the element or elements upon which the evidence was insufficient." **Commonwealth v. Widger**, 237 A.3d 1151, 1156 (Pa. Super. 2020). If the appellant does not specify such elements, the sufficiency claim is deemed waived. **Commonwealth v. Roche**, 153 A.3d 1063, 1072 (Pa. Super. 2017).

- 8 -

In his Rule 1925(b) statement, Williams presented a boilerplate challenge to his convictions and failed to specify which conviction he was challenging, which elements of the crime he was challenging, or explain why the evidence was insufficient. **See** Williams's Rule 1925(b) Statement at 5-6 (stating "the jury rendered [an] improper verdict of guilt."). The trial court interpreted these assertions to implicate the sufficiency of the evidence; however, this does not void waiver. **See** Trial Court Opinion at 6-7; **Commonwealth v. Heggins**, 809 A.2d 908, 911 (Pa. Super. 2002) (explaining "[e]ven if the trial court correctly guesses the issues [a]ppellant raises on appeal and writes an opinion pursuant to that supposition, the issue is still waived."). Williams's Rule 1925(b) statement was so vague that he waived his sufficiency claim. **See Commonwealth v. Hale**, No. 1476 WDA 2024, 2025 WL 2838817 (non-precedential memorandum at *1) (Pa. Super. Oct. 7, 2025) (finding sufficiency claim waived because 1925(b) statement was vague and did not specify the elements challenged or why the evidence was insufficient). Because we conclude Williams waived his challenge to the sufficiency of the evidence, we do not address the merits of his claim.

In his fifth claim, Williams asserts the court erred in denying his motion asserting the ineffective assistance of counsel. **See** Williams's Brief at 37-44. His claim is premature.

Claims of trial counsel's ineffectiveness are to be raised in collateral proceedings and may not be raised on direct appeal. **See Commonwealth v. Bradley**, 261 A.3d 381, 391 (Pa. 2021) (stating "claims of trial counsel's

ineffectiveness . . . are to be presented in a [petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546]"); *see also* ***Commonwealth v. Holmes***, 79 A.3d 562, 576 (Pa. 2013) (stating that absent particular, narrow exceptions, "claims of ineffective assistance of counsel are to be deferred to PCRA review"); 42 Pa.C.S.A. § 9543(a)(2)(ii) (setting forth ineffective assistance of counsel as grounds for collateral relief if pleaded and proven by a preponderance of the evidence). Therefore, Williams's claims of ineffective assistance of trial counsel are premature, and we dismiss them without prejudice to his right to raise them in a collateral proceeding. ***See Commonwealth v. Royal***, 312 A.3d 317, 323 (Pa. Super. 2024).

In his final claim, Williams asserts the court erred in denying his motion for judgment of acquittal "without conducting adequate findings on the merits." ***See*** Williams's Brief at 44-48.

An issue that is not raised in the Rule 1925(b) statement with specificity is deemed waived. ***See Bonnett***, 239 A.3d at 1106; ***Vurimindi***, 200 A.3d at 1038; ***see also*** Pa.R.A.P. 1925(b)(4)(vii). Williams's Rule 1925(b) statement asserts the court erred in its "denial and refusal to make adequate findings on the merits of [Williams's p]re-trial and [p]ost-trial motions." Williams's 1925(b) Statement at 3. Williams filed or attempted to file at least ***fifteen*** motions during the pre-trial-through-post-trial period. The trial court was unable to meaningfully address his claim without clarification as to, at minimum, which motions were at issue and/or what the claims were. ***See***

- 10 -

***Commonwealth v. Dowling***, 778 A.2d 683, 686-87 (Pa. Super. 2001) (explaining when a Rule 1925(b) statement "is too vague to allow the court to identify the issues raised on appeal[, it] is the functional equivalent to no . . . [s]tatement at all.").[6]  Thus, Williams's sixth claim is waived.

For the reasons discussed above, we find Williams's claims are either waived, meritless, or premature.  Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/12/2026

---

[6] Williams filed his motion for judgment of acquittal prematurely, before the commencement of trial.  ***See*** Order Denying Motion for Acquittal, 8/20/24; Pa.R.Crim.P. 704(B)(1); ***see also Commonwealth v. Wilson***, 227 A.3d 928, 937 (Pa. Super. 2020) (emphasis added) (explaining, pursuant to the Rules of Criminal Procedure, "[u]nder extraordinary circumstances, when the interests of justice require, the trial judge may, ***before sentencing***, hear an oral motion in arrest of judgment, for a judgment of acquittal, or for a new trial.").